McGLAUFLIN, RESPONDENT, v. WORMSER, APPELLANT.

(No. 1,550.)

(Submitted April 28, 1903.    Decided May 11, 1903.)

*Mechanics' Liens—Statutory Requirements — Compliance— Burden of Proof—Pleading — Complaint — Sufficiency— Costs—Witnesses—Mileage—Appeal—Review—Scope.*

1.  A building contract provided that all payments should be made on the certificate of the architect that payments had become due, and that final

payment should be due when the work was completed and accepted. *Held,* that presentation of a certificate of the architect was a condition precedent to final payment.

2. A complaint in an action to enforce a mechanic's lien must state that the necessary architect's certificate was gien or demanded, and, if refused, the reasons why it should have been given, or, if waived, a statement of that fact.

3. Code of Civil Procedure, Section 2131, relative to mechanics' liens, provides the statutory steps which must be taken for its assertion. *Held* that, in an action to enforce a mechanics' lien, allegations showing complianace with Section 2131 are jurisdictional, and when denied must be proven as alleged, in order to authorize decree of foreclosure.

4. Where, in a suit to enforce a mechanic's lien, no proof is made showing the existence of any lien, questions raised on appeal as to the extent or validity of the lien are not open to consideration.

5. Political Code, Section 4648, provides that witnesses "attending" a trial are entitled to 10 cents a mile each way from their place of residence to the place of trial; and Section 1866 provides that the party to whom costs are awarded is entitled to the mileage of witnesses, etc. *Held,* that a party to whom costs were awarded was entitled to mileage for witnesses who appeared and testified, irrespective of whether they were legally subpoenaed.

6. *Quaere:* Whether Section 3304, Code of Civil Procedure, is constitutional?

7. An order, made after judgment, refusing to sign a bill of exceptions, cannot be considered on appeal from the judgment and from an order denying a new trial.

*Appeal from District Court, Sweet Grass County; Frank Henry, Judge.*

Suit by J. R. McGlauflin against Andrew Wormser to enforce a mechanic's lien. From a judgment for plaintiff, and from an order overruling a motion for a new trial, defendant appeals. Reversed.

*Mr. Eugene B. Hoffman,* for Appellant.

The court erred in overruling the defendant's motion to retax the costs. (Sections 3360, 3342, 1866, Code of Civil Procedure; *Mylins* v. *St. L. F. S. & U. R. Co.* (Kan.), 1 Pac. 619.)

No attorney fee can be allowed as a part of the costs in a case of this kind, and if permitted by our Code, the section permitting it is unconstitutional and void in that it violates Section 6, Article III, Constitution of Montana, and Section 1, Article XIV, Amendments to the Constitution of the United States. This question was before this court in *Wortman* v. *Klein-*

*schmidt,* 12 Mont. 316, and while the majority of the court held the statute constitutional, Judge DeWitt filed a strong opinion urging that the provision was unconstitutional. Since the decision in the *Wortman Case,* the question has come squarely before the Supreme Court of the United States in *Gulf C. & S. F. R. Co.* v. *Ellis,* 165 U. S. 150; see, also, *Los Angelos C. M. Co.* v. *Campbell* (Colo.), 56 Pac. 246; *Brubaker* v. *Bennett* (Utah), 57 Pac. 170.

The procuring and presenting of the certificate of the architect were conditions precedent to payments, and waiver of such condition precedent must be shown by proofs of the most satisfactory kind, and will not be inferred from contradictory statements of the parties. And the making of payments from time to time on the contract price will not constitute a waiver of such condition precedent. (*Brown* v. *Winehill* (Wash.), 28 Pac. 1037; *Wortman* v. *Kleinschmidt,* 12 Mont. 316.)

The supreme court of Missouri in construing a statute quite similar to our own, has held that descriptions of the land, such as that employed by the respondent here, were too indefinite and were not a complance with the statute, and that therefore there was no lien created. (*Mattlack* v. *Lare,* 32 Mo. 262; *Williams* v. *Porter,* 51 Mo. 441; *Wright* v. *Beardsley,* 69 Mo. 548; *Ransom* v. *Sheehan,* 78 Mo. 668.)

*Mr. D. H. Kehoe,* and *Mr. Sidney Fox,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an action brought to foreclose a mechanic's lien. At the trial of the case, after plaintiff had introduced his evidence, defendant moved for a nonsuit, which the court overruled. Judgment followed for plaintiff. Defendant made a motion for a new trial, which was overruled. He then appealed from this judgment and the order overruling the motion for a new trial.

1. The action is based upon a written contract entered into

between the parties for the construction of a dwelling house.
It provides that "all payments shall be made upon the written
certificates of the architect to the effect that such payments have
become due." It also provides that the different payments shall
be made when certain work about the building is completed,
and that the final payment shall be due "when the entire work
is completed and accepted." By the terms of this contract,
under the law, the obtaining and presentation of a certificate
of the architect was a condition precedent to the final payment
on the contract becoming due. Therefore the complaint must
state that such certificate was given or demanded, and, if re-
fused, the reasons why it should have been given, or, if waived,
a statement of that fact. We find no allegation in the complaint
to that effect. This being true, it is not sufficient to support
the judgment given by the court below. The motion for non-
suit made by the defendant should have been sustained upon
this ground. (*Michaelis* v. *Wolf,* 136 Ill. 68, 26 N. E. 384;
*Hudson* v. *McCartney,* 33 Wis. 331; *Hanley* v. *Walker,* 79
Mich. 607, 8 L. R. A. 207; *Byrne* v. *Sisters of St. Elizabeth,*
45 N. J. Law, 213; *Beharrell* v. *Quimby,* 162 Mass. 571, 39
N. E. 407; *Cox* v. *McLaughlin,* 63 Cal. 196; *Schmidt* v. *City
of North Yakima,* 12 Wash. 121, 40 Pac. 790.)

2.   But again, under the statutes of this state the plaintiff
was bound to allege in his complaint, and show to the satisfac-
tion of the court or jury, that he had complied with the pro-
visions of Section 2131, Code of Civil Procedure. He makes
the following allegation in his complaint: "Fourth. That on
the 8th day of October, 1898, and within ninety days from the
furnishing of such material and labor, the plaintiff, in order to
secure and perfect a mechanic's lien for the money so due him
as aforesaid, duly filed with the county clerk and recorder of
Sweet Grass county, Montana, an affidavit containing an item-
ized account of the amount and value of such labor and mate-
rials, with all credits and offsets, and a description of the land
on which such house was built, which was duly recorded in said
county clerk and recorder's office, a copy of which lien, affidavit

and account is hereto attached, and made a part of this complaint." The complaint also alleges that the property on which the house was constructed was situated in Sweet Grass county, Montana. To these allegations defendant interposed a general denial. He also interposed a specific denial as to the sufficiency of the description of the property against which the lien was claimed. These allegations and denials raised an issue necessary to be submitted to the jury and passed upon by the court or jury before any decree or judgment could be entered in the suit.

The manner of perfecting a mechanic's lien consists of various steps, which are purely statutory, and, while the statute is in some respects remedial in its nature, and thus far should be construed liberally, it creates a new right, and the statutory proceedings by which this new right is perfected and enforced must be strictly followed. (*Yerrick* v. *Higgins,* 22 Mont. 502-510, 57 Pac. 95.) Section 2130, Code of Civil Procedure, specifies the instances in which a lien may be claimed. Section 2131 provides the method by which it may be asserted, and specifies what constitutes a lien. If no lien is thus created, none can be enforced. Allegations of compliance with the terms of Section 2131 are, therefore, jurisdictional in an action to enforce a lien; and such allegations, when denied, must be proven as alleged, in order to authorize a decree of foreclosure of the lien. We have carefully searched the record, and fail to find any testimony even tending to prove the above allegations. There was, therefore, a failure to prove the existence of such facts as to give the court below jurisdiction to enter the decree appealed from. It must, therefore, be reversed.

No proof having been made of the existence of any lien, other questions raised by appellant as to the extent or validity of the lien claimed are not properly before us for consideration.

3. Inasmuch as the case must be remanded for a new trial, and as the costs of the former mistrial will abide the final result of the suit, we deem it proper to consider the error assigned

upon the action of the court below in refusing appellant's motion to retax costs.

The only items to which appellant objects are the items of mileage paid witnesses from Great Falls and Butte. The record does not disclose whether these witnesses were subpoenaed, but it is clearly shown that they were present and testified at the trial. Appellant insists that the amounts paid for their mileage was not an item of costs "necessarily incurred in said action," or properly chargeable against him. His counsel insists that under Section 3304, Code of Civil Procedure, a witness cannot be compelled to attend a court out of the county in which he resides, unless the distance be less than thirty miles from his residence to the place of trial. He also insists that the depositions of such witnesses should have been taken under Section 3342, Code of Civil Procedure. Section 4648 of the Political Code provides that witnesses *"attending"* a trial are entitled to ten cents per mile each way from their place of residence to the place of trial. Section 1866, Code of Civil Procedure, provides: "A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements as follows: The legal fees of witnesses, including mileage," etc. These witnesses attended court, and testified on the trial, and we think plaintiff was entitled to include their mileage in his statement of costs and disbursements, and that the court did not err in overruling the motion to retax the costs.

There may be a somewhat serious question as to the constitutionality of Section 3304, *supra.* Section 11, Article VIII, of our Constitution, provides that the process of district courts "shall extend to all parts of the state." Section 3300, Code of Civil Procedure, provides, "The process by which the attendance of a witness is required is by subpoena." If the process of the court through a subpoena extends to all parts of the state, it is difficult to understand how a witness could justify refusal to obey it, even though he resided out of the county, and more than thirty miles from the place of trial. We do not, however, desire to be understood as deciding this question, because it was

not argued before the court, and its decision is not necessary to the decision of this case.

4. One other error assigned in the brief is based upon the refusal of the court to settle and sign a certain bill of exceptions which appellant had prepared, served, and tendered to the court. The action of the court in refusing to sign the same was an order made after judgment, and to bring it to this court for review an appeal must be taken from such order. The appeal in this case is only from the judgment and the order overruling the motion for a new trial.

We are of the opinion that the judgment and order appealed from should be reversed, the case remanded and a new trial ordered.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order appealed from are reversed, the case remanded and a new trial ordered.

MR. JUSTICE HOLLOWAY was disqualified, and took no part in the decision.