(June 21, 1904.)

# LEWIS v. UTAH CONSTRUCTION COMPANY.
## [77 Pac. 336.]

CONTRACT—RAILROAD CONSTRUCTION—COMPLAINT—DEMURRER—ESTIMATES—CLASSIFICATION—EVIDENCE—VARIANCE BETWEEN ALLEGATIONS AND PROOF—INSTRUCTIONS.

1. Complaint states a cause of action.

2. The question of whether the estimates had become an account stated was left to the jury under proper instructions.

3. Where a motion is made to compel the plaintiffs to elect upon which of several causes of action or counts they would proceed to trial, it was not error for the court to reserve its decision and thereafter try the case upon the theory that said motion had been sustained and try the case upon the first and third causes of action stated in the complaint.

4. Where the parties to an action testify to an express contract but differ as to the amount to be paid or the contract price for the services rendered, evidence of the actual cost of the performance of the work is properly admitted as it may afford some reasonable ground for believing that the contract was for the price nearest the cost.

5. No variance between the allegations and the proof is deemed to be material unless it had actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits.

6. Where certain material evidence is rejected, but the record shows that the evidence rejected was given by another witness, the error is immaterial and not prejudicial.

7. Instructions examined and held to properly state the law applicable to the evidence introduced on the trial.

(Syllabus by the court.)

APPEAL from the District Court of Bannock County. Honorable Alfred Budge, Judge.

Action to recover balance due on railroad construction contract. Judgment for the plaintiffs. Affirmed.

The facts are stated in the opinion.

F. S. Dietrich and Henderson & Macmillan, for Appellant.

All material facts essential to the establishment of plaintiffs' right should be pleaded, and if they are not pleaded a general demurrer will be sustained. (*Bingham County v. Woodin et al.,* 6 Idaho, 284, 55 Pac. 662.) According to the allegations of the complaint plaintiffs rely upon the estimates made and furnished them by the defendant. These are the estimates that plaintiffs are seeking to vary and repudiate in an action brought almost two years after they were furnished without an allegation of repudiation or of mistake or of fraud. Those monthly statements, together with the final estimate, became an account stated between the plaintiffs and defendant and cannot be repudiated unless through error, mistake or fraud. (*Hendy v. March,* 75 Cal. 566, 17 Pac. 702; *Cross v. Sacramento Sav. Bank,* 66 Cal. 462, 6 Pac. 94; *Manchester Paper Co. v. Moore,* 104 N. Y. 680, 10 N. E. 861; 1 Cyc. of Law & Pr., p. 454, note 88.) The only issue framed by the pleadings in this case was, What were the terms of the contract? This being the issue, we claim that no evidence offered under the second cause of action, "What was the reasonable value of the work done?" would be material to prove the terms of the contract. (Bliss on Code Pleading, 2d ed., par. 119; 5 Ency. of Pl. & Pr., pp. 326-330.) The questions, "What per cent of the work performed by plaintiffs under their contract was similar in character to the work done upon the south end of the Dell sidetrack?" This question or questions of a similar import were asked of plaintiffs' wit-

nesses and were objected to on the part of the defendant, for the reason that said questions were immaterial and were not embraced in any issue presented by plaintiffs' complaint. It constituted a variance from the allegations of the complaint. (22 Ency. of Pl. & Pr. 527; *Ohlencamp v. Union Pac. R. R. Co.*, 24 Utah, 240, 67 Pac. 411; *Peay v. Salt Lake City*, 11 Utah, 331, 40 Pac. 206, 207; *Edd v. Union Pac. Coal Co.*, 25 Utah, 293, 71 Pac. 216, 217.) Witness Krebs was a civil engineer, called on behalf of the defendant. Krebs had been over the work a number of times and made estimates and classifications of the work. Our defense was that the defendant was doing this work under the directions and supervision of the engineers of the Oregon Short Line Railroad, and plaintiffs' complaint also alleges that all work was done under the directions and supervision of the engineers of the Oregon Short Line Railroad. If Mr. Krebs had been permitted to have answered those questions, he would have explained fully to the jury those apparent discrepancies that appear in these estimates that were sent to the plaintiffs. All these estimates came from the Oregon Short Line Railroad; they were first given to the defendant and then defendant sent them to the plaintiffs. Krebs would have explained to the jury in detail that the monthly estimates were only approximate, a sort of guess for the work done until final estimate came in; that neither the railroad company nor the defendant nor the plaintiffs would know how much work had been done or what its classification was until the final estimates, and that monthly estimates are liable to be changed entirely on the final estimate. It would hardly seem necessary to cite authorities on the proposition that simple discrepancies in a written account can be explained by oral testimony. This proposition is elementary. (*Atlantic R. R. Co. v. Bank*, 19 Wall. 548, 22 L. ed. 196; *Chicago v. Sheldon*, 9 Wall. 54, 19 L. ed. 597; *Murray v. Aiken Co.*, 37 S. C. 468, 16 S. E. 147; *Galveston Ry. Co. v. Johnson*, 74 Tex. 256, 11 S. W. 1113; *St. Joseph Depot Co. v. Chicago*, 89 Fed. 657, 32 C. C. A. 284; *Harnickle v. Brown*, 45 N. Y. Sup. Ct. 350; 2 Wharton on Evidence, secs. 954, 955; *Jenny Lind Co. v. Bauer*, 11 Cal. 194; *Auzerais v. Naglee*, 74 Cal. 67, 15 Pac. 371.)

Thomas F. Terrell, for Respondents.

The character and effect of an averment that may be uncertain in one of its clauses is not limited to a construction of that clause merely, but the averment is to be considered as a whole, and in connection with the entire complaint. (*Bates v. Babcock,* 95 Cal. 479, 29 Am. St. Rep. 133, 30 Pac. 606, 16 L. R. A. 745.) It may be conceded that the first cause of action is somewhat ambiguous in the allegations fixing the classification under the contract, but the defendant well knew and understood what the exact issue was, and by their answer cured all ambiguity that ever existed in the allegations of the complaint. A defect in a complaint may be cured by allegations in the answer. (*State v. Thum,* 6 Idaho, 323, 55 Pac. 858.) Where in an action for services both parties testify to an express contract, but differed as to the amount to be paid, held that evidence as to the value of such services was properly allowed. (*Richardson v. McGoldrick,* 43 Mich. 476, 5 N. W. 672; *Campau v. Moran,* 31 Mich. 280; *Misner v. Darling,* 44 Mich. 438, 7 N. W. 77, 78; *Kirk v. Wolf Mfg. Co.,* 118 Ill. 567, 8 N. E. 815; *Allison v. Harning,* 22 Ohio St. 138.) Where the evidence adduced on both sides is in direct conflict and pretty evenly balanced as to the contract price, evidence that the cost of performance was greatly in excess or greatly below such contract price might afford some reasonable ground for believing that the contract was for the price nearest the cost. (*Valley Lumber Co. v. Smith,* 71 Wis. 304, 5 Am. St. Rep. 216, 37 N. W. 412, 413; *Rauch v. Scott,* 68 Pa. St. 234; *Swain v. Cheeney,* 41 N. H. 232; *Moore v. Davis,* 49 N. H. 45, 6 Am. Rep. 460; *Kidder v. Smith,* 34 Vt. 294; *Johnson v. Harder,* 45 Iowa 677; Abbott's Trial Evidence, p. 305.) The respondents deny that there is any variance, but claim that the proof made was fairly within the allegations of the complaint and the issues made by the pleadings. (Idaho Code Civ. Proc., sec. 3237.) Where the variance is not material, as provided in the last section, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without costs. (Idaho Code Civ. Proc., sec. 3238; *Hawkins v. Pocatello Water Co.,* 3 Idaho, 766, 35 Pac. 711; *People v. Slocum,* 1 Idaho, 62-74; *Lee v. Southern Pac. R. R. Co.,* 116 Cal. 97, 58 Am. St. Rep.

140, 47 Pac. 932, 28 L. R. A. 71; *Thompson v. Reno Sav. Bank,* 19 Nev. 242, 3 Am. St. Rep. 883, 9 Pac. 121; *Kelley v. Clark,* 21 Mont. 291, 69 Am. St. Rep. 668, 53 Pac. 959, 42 L. R. A. 621; *Aulback v. Dahler,* 4 Idaho, 654, 43 Pac. 322.)     The cause was submitted to a disinterested jury, who saw the witnesses, heard them testify, saw their demeanor on the stand, and upon due consideration have rendered a verdict in favor of respondents.     This verdict, to say the very least of it, is based upon conflicting evidence, and the rule is well settled that a verdict based upon conflicting evidence will not be disturbed on appeal. (*Babcock v. Maxwell,* 29 Mont. 31, 74 Pac. 64; *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011; *Green v. Miller* (Ariz.), 73 Pac. 399; *Durfee v. Seale,* 139 Cal. 603, 73 Pac. 435; *Hunter v. Guth* (Colo. App.), 73 Pac. 1089; *Parke v. Boulware,* 9 Idaho, 225, 73 Pac. 19.)

SULLIVAN, C. J.—This is an action brought by the respondents as copartners against the appellant, the Utah Construction Company, upon a verbal contract, to recover an alleged balance due for work and labor performed by the respondents upon the Oregon Short Line Railroad between mile-posts 280 and 290 in the state of Montana.

The complaint contains four separate counts or causes of action, but the trial proceeded upon the first and third causes stated in the complaint.     Said contract was entered into on or about the fifteenth day of May, 1900, and the work to be performed thereunder consisted in the construction of grades, fills and embankments on the right of way of said railroad according to certain plans and under the supervision and direction of engineers of the railroad company.     The respondents were to be paid for said work from time to time as the work so done by them should be ascertained from estimates to be made by engineers, and ten per cent of the value of all work done was to be withheld until the work was completed, and any balance remaining unpaid at that time was to be paid to the respondents.     It is alleged in the complaint that the appellant agreed in said contract to pay to the respondents the sum of ten cents per cubic yard for all earth work done in pursuance of said contract, which allegation is denied by the answer, and it is

averred therein that only nine and one-half cents per cubic yard was to be paid for the earth work. It is also alleged in the complaint that the respondents were to receive twenty-five cents per cubic yard for all loose rock work done by them, and that by the terms of said contract, all work done by the respondents of a similar character to the work done on the south end of the sidetrack at Dell station in the state of Montana should be classed as loose rock work and paid for at the rate of twenty-five cents per cubic yard; and that in pursuance of said contract the loose rock work so done under said contract amounted to 11.331½ cubic yards, and that said number of yards should have been classed as loose rock work and paid for at the rate of twenty-five cents per cubic yard.

The answer of appellant denies that it was agreed that all or any of the work to be performed under said contract of a similar character to the work on the south end of said track at Dell station should be classed as loose rock work, or to be paid for at the rate of twenty-five cents per cubic yard, and denies that there was any agreement that such work should be so classified and paid for at the rate of twenty-five cents per cubic yard, and also denies that the respondents handled, moved, carried or deposited in the construction and repair of the roadbed of said railroad, or at all, for the appellants, more than 22.663 cubic yards, and denies that they did any rock work at all, but admits that the engineers of said railroad in making their estimates classified and allowed as loose rock work 293 cubic yards of the work done by the respondents, and paid them therefor at the rate of twenty-five cents per cubic yard.

The pleadings put in issue the amount of work done by the respondents, the classification of the work, and the sum to be paid per cubic yard for the earth work. A general demurrer to each cause of action was filed, and without argument was submitted to the court and overruled *pro forma.* The cause was tried by the court with a jury, and, on a verdict, judgment was rendered in favor of the respondents for the sum of $1,454 and costs of suit. This appeal is from the judgment and order denying a new trial and is presented on a statement of the case.

Numerous errors are assigned and are discussed by counsel for appellant under seven different heads. The first is that

the court erred in overruling the demurrer, the ground of the demurrer being that the complaint failed to state a cause of action. One of the main contentions is that there is no allegation that there was any error, mistake or fraud in the estimates furnished by the engineer, and for that reason the complaint does not state a cause of action. The complaint alleges that by the terms of said contract all work of a similar character to the work done on the south end of the sidetrack at Dell station, Montana, should be classed as loose rock work, and paid for at the rate of twenty-five cents per cubic yard; that under said contract plaintiffs handled, moved, carried and deposited in the construction and repair of the roadbed of said railroad 22.663 cubic yards of earth and loose rock, and that one-half of said 22.663 or 11.331½ cubic yards should have been and is entitled to be classed as loose rock work and paid for at the rate of twenty-five cents per cubic yard. While the latter allegation is not a direct allegation that said 11.331½ cubic yards of rock work was similar in character to the work on the south end of the sidetrack at Dell station, and does not directly aver that there was a mistake in the estimates of the engineer, they are equivalent to such allegations, and the necessary inference is that the plaintiffs had done that amount of work which was similar to that at the south end of the sidetrack at said station that ought to have been classed as loose rock work and paid for at the rate of twenty-five cents per cubic yard, and that it had not been so classified and paid for. We think the allegations of the complaint are sufficient on said points and state a cause of action; and under the answer of the defendant it is clear that appellant was not misled on the trial of the case. It is contended that respondent did not object to the correctness of the estimates furnished them within a reasonable time after they were delivered to them, and for that reason they became an account stated and are estopped from objecting to them at this time. There was evidence introduced on the question and the court instructed the jury thereon as follows: "The jury are instructed that where a party sends by mail a statement of account to another, with whom he had dealings, which is received, but not replied to within a reasonable time, the acquiescence of the party is taken as an admission that the

account is correctly stated; and what is a reasonable time in this connection is a question for the jury to determine, under all the circumstances of the case, considering the nature of the business, the distance of the parties from each other, and the means of communication between them." That instruction correctly states the law and the jury found from the evidence in favor of the respondents, and we are not disposed to set aside their verdict on the ground that it is not supported by the evidence.

Counsel for appellant contends that the failure of the court to compel the respondents to elect whether they would go to trial upon the first or second cause of action was error. There is nothing in this contention, for the case was tried all the way through upon the first cause of action—that is, upon the theory that the action was upon an express contract and not upon a *quantum meruit,* that being the theory of the second cause of action. The court instructed the jury that this action was brought upon a verbal contract. The appellant admits that it was brought upon a verbal contract, and it was tried upon the theory that it was based upon an express contract. We do not lose sight of the fact that there was a third cause of action stated in the complaint and tried in this action, but that was in regard to a small sum of money that had been transferred from one account to another. While the court did not sustain, in terms, appellant's motion to compel the respondents to elect, it did that in effect by confining the trial to the first and third causes of action stated in the complaint.

Assigned errors 3, 4, 8, 9, 11, 14, 15, 17, 18 and 20 will be considered together. They are in regard to the action of the court in permitting certain witnesses for the respondent to testify as to the difficulty and reasonable value of the work performed by them in response to such questions as, "How many men did it require to break the soil which you have described?" "What effect, if any, did the ground which you have described have upon the horses and teams which you used?" "How was the plow manned and operated?" and questions of similar import. It is contended that those questions were improper, the question being, not the reasonable value of the services performed, but the contract price thereof. It was in dispute

whether the respondents were to receive nine and one-half or ten cents per cubic yard for the dirt work and also as to the classification of the work done. Respondents claimed that all work done by them that required more than six horses to break the ground was to be classified as loose rock work, and it was under that claim that the court permitted that evidence to be introduced, that that material was the same as that in the south end of the sidetrack at Dell station and should be classified as loose rock work under that contract, there being a difference of fifteen cents per cubic yard, at least, between dirt work and loose rock work, and a dispute between the parties as to whether the work referred to should be classed as loose rock work or dirt work. We think it was proper for the court to admit evidence of real value of that class of work under the facts of this case.

It was held in *Richardson v. McGoldrick,* 43 Mich. 476, 5 N. W. 672, that where in an action for services both parties testified to an express contract, but differed as to the amount to be paid, held that evidence as to the value of such services was properly allowed. And in *Misner v. Darling,* 44 Mich. 438, 7 N. W. 77, which was a case where the contract price for sawing lumber was in dispute, one party testifying that it was to be four dollars per thousand and the other that it was to be three dollars and fifty cents. As bearing upon the probabilities that he was correct rather than the plaintiff, the defendant offered to show what the sawing of the lumber was fairly worth, but the offer was ruled out. The appellate court held that such evidence was admissible.

In *Valley Lumber Co. v. Smith,* 71 Wis. 304, 5 Am. St. Rep. 216, 37 N. W. 412, it was held that where the evidence adduced on both sides is in direct conflict, and pretty evenly balanced as to the contract price, evidence that the cost of performance was greatly in excess or greatly below such contract price, might afford some reasonable ground for believing that the contract was for the price nearest the cost. (*Campau v. Moran,* 31 Mich. 280; *Kirk v. Wolf Mfg. Co.,* 118 Ill. 567, 8 N. E. 815; *Allison v. Harning,* 22 Ohio St. 138.) We think the evidence objected to was properly admitted.

Counsel for appellant discusses assignments 5, 7, 12, 13, 16,

19, 20, 21 and 22 together. Those assignments refer to the testimony of certain witnesses, and the following question will indicate the kind of evidence referred to: "What per cent of the work performed by plaintiffs under their contract was similar in character to the work done upon the south end of the Dell sidetrack?" It is contended that that question and others of similar import were asked of plaintiff's witnesses, and were objected to on the part of the appellant on the ground that said questions were immaterial and were not embraced in any issue presented by the complaint.

Since we have above held that the allegations of the complaint were sufficient to put in issue the fact whether any of the work performed by respondents was of a similar character to the work done on the south end of the sidetrack at Dell station, that disposes of the question here involved. The court having held that that fact was put in issue, it was proper to admit evidence to show the amount of work done by the respondents of similar character to the work done on south end of said sidetrack.

Under the provisions of section 4225, Revised Statutes, no variance between the allegations and the proof is deemed to be material unless it had actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. If the allegations of the complaint were defective or uncertain on the point referred to, the denials and averments of the answer on that point are amply sufficient to put that question in issue and show that the appellant was not misled in making its defense.

Under the fifth head five assignments are discussed and refer to certain evidence excluded by the court. It appears that there was a slight discrepancy between some of the monthly estimates and the final estimates as to the number of cubic yards of loose rock work, and counsel for appellant desired to have their witnesses explain such discrepancy, and several questions were asked of witness Krebs for that purpose. Such evidence was objected to by counsel for respondents. The witness was not permitted to answer these questions. The court should have permitted the witness to explain that discrepancy. However, it appears from the record that the witness Green

on behalf of the appellant testified that he gave the monthly estimates of the work being done, and stated: "Monthly estimates were arrived at by going over the work and estimating what had been done. These estimates are not accurate and are liable to be corrected on the final estimates." This was an explanation of the variance between the monthly estimate and the final estimate, and clearly stated to the jury that the monthly estimates were not accurate, only approximate, and subject to correction by the final estimate. While we think the court should have permitted witness Krebs to explain the variance between those estimates, we do not think it was reversible error not to permit him to do so as such discrepancies were explained by another witness on behalf of the appellant.

We have examined the assignments of error in regard to certain instructions given by the court, and we think they state the law as applied to the evidence and theory of the case upon which it was tried, and conclude, on a review of the entire evidence, that the verdict is sustained by it. The judgment of the trial court is affirmed, with costs in favor of the respondents.

Stockslager, J., and Ailshie, J., concur.