GREAT FALLS MEAT CO., RESPONDENT, *v.* JENKINS. APPELLANT.

(No. 2,201.)

(Submitted January 4, 1906. Decided January 31, 1906.)

*Contracts — Sales — Cattle — Delivery — Evidence — Exclusion — Instructions — Appeal — Conflict in Evidence — Witnesses — Mileage — Attachment — Costs — Appealable Orders.*

Contracts—Cattle—Delivery—Evidence.
    1. The district court, in an action brought to recover damages for the breach of a contract which called for the delivery of certain beef cattle, did not commit error in not admitting evidence to show that it was the intention of the parties that delivery of the cattle should be made at the ranch of defendant, where it was apparent that the contract was so construed by the court, as evidenced by the instructions submitted, as well as by the plaintiff, who had sent agents to defendant's ranch to demand delivery there.

Instructions—Request for—Record—Appeal.
    2. Where the record is silent as to what, if any, instructions were requested by appellant upon specific points in an action for breach of

contract, he cannot complain that those submitted were not as specific as they should have been.

Appeal—Conflict in Evidence—Result.

3.  The juagment of the district court will not be disturbed on appeal on the ground of insufficiency of the evidence, where a substantial conflict on material issues is shown, and where upon a re-examination of it by the trial court a new trial was refused.

Witnesses—Mileage—Costs.

4.  While witnesses residing in a county other than where the trial is had, and more than thirty miles from the place where it takes place, may not be compelled to attend, under Code of Civil Procedure, section 3304, still, where they do attend and the court finds that their testimony was necessary, the successful party is entitled to include the amount paid them for mileage in his cost bill. [MR. JUSTICE HOLLOWAY dissenting.]

Attachment—Motion to Dissolve—Appealable Orders—Costs.

5.  Plaintiff, in an action for damages for breach of a contract to deliver certain beef cattle, caused an attachment to issue and to be levied upon some of the cattle. Defendant moved to dissolve the attachment, which motion was overruled. Defendant did not appeal from this order. *Held,* that owing to his failure to appeal from the order refusing to discharge an attachment—an appealable order—(Session Laws, 1899, page 146), defendant cannot be heard to complain, on appeal from the judgment, of that part of it which reimbursed plaintiff for the reasonable and necessary expense incurred by him in caring for the property.

Appeal from Judgment—Review—Appealable Orders.

6.  Under Code of Civil Procedure, section 1742, the supreme court cannot, on appeal from the judgment, review an order from which an appeal could have been taken.

*Appeal from District Court, Cascade County; Jere B. Leslie, Judge.*

ACTION by the Great Falls Meat Company against J. W. Jenkins. Plaintiff had judgment, and from it and an order denying a new trial to defendant, he appeals. Affirmed.

*Mr. Thomas E. Brady,* and *Mr. C. B. Nolan,* for Appellant.

*Messrs. Downing & Stephenson,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for an alleged breach of a contract to deliver certain beef cattle bought by plaintiff from defendant. Under the terms of the contract as

first made on July 19, 1902, the delivery was to be made on or about October 1, 1902. This not having been done, the parties agreed that the delivery might be made at any time between October 21 and November 1, 1902. The contract and the modification of it were expressed in the following writings:

"Milligan, Mont., July 19th, 1902.

"I have this day, John W. Jenkins sold to the Great Falls Meat Co. 70 seventy 4 & 5 year old steers about ½ each the tops of his entire bunch at 55.00 Fifty-five Dollars per head and said steers is to remain on his range till October 1st or thereabout and said J. W. Jenkins is to help deliver said cattle to Great Falls, also what good fat cows he may have at that time at $35.00 Thirty-five Dollars per head, no old cows to go at that price. I have received $200.00 Dollars as part payment on said cattle.

"J. W. JENKINS.
"E. S. McCARTNEY."

"Great Falls, October 21st, 1902.

"It is agreed by and between the parties to this contract that the Great Falls Meat Co. may receive said cattle described herein at any time between this date and the last day of Nov. 1902.

"J. W. JENKINS.
"GREAT FALLS MEAT CO.,
"By BROWN, Pt."

The complaint sets out a history of the dealings between the parties resulting in the contract and its modification. It is then alleged that the plaintiff went to the ranch of the defendant in Meagher county, Montana, on October 29th, and demanded the fulfillment of the contract by the defendant by a delivery of the cattle according to its terms, it being then ready and willing to pay to the defendant the amount due upon delivery; but that defendant failed and refused to deliver them under the agreement, or at all, to the damage of plaintiff in

the sum of $1,000. It is further alleged that the plaintiff suffered special loss and damage in the sum of $150, in that it incurred the expense of sending men from Great Falls, Cascade county, its place of business, to Meagher county to receive said cattle. Judgment is demanded for $1,150.

The defendant admits that he entered into the contract as alleged, but denies that he was guilty of a breach thereof in any particular, or that plaintiff suffered damage or loss by reason of any act done or omitted by him. He then sets up a counterclaim for damages for a breach of the contract by the plaintiff, for that though the defendant was always ready and willing to perform it on his part according to its terms, in that he gathered the cattle upon the range and herded them during the last ten days of October, 1902, and had them ready for delivery, the plaintiff on his part refused to receive them or to pay for them, or any part of the expense incident to gathering and holding them. Judgment is demanded for the sum of $1,000. Upon this counterclaim there was issue by reply.

A trial resulted in a verdict and judgment for plaintiff for $250 damages and costs amounting to $1,167.50. The costs consist mainly of expenses of keeping and feeding cattle belong-.ing to the defendant, which were seized and held by the sheriff under attachment, caused to be issued by the plaintiff at the commencement of the action, to secure the payment of any judgment recovered. The defendant has appealed from the judgment and an order denying him a new trial.

Contention is made that the district court erred to the prejudice of the defendant in admitting and excluding evidence, in submitting to the jury certain instructions and refusing to submit others, in taxing and allowing various items of cost, and in refusing to grant a new trial on the ground that the evidence is insufficient to justify the verdict.

1. The brief of appellant contains many assignments of error upon which these contentions are made; but the record does not, in our opinion, reveal any substantial error. Some immaterial

evidence was admitted, but upon the whole case we think no harm was done by it.

The construction given by the court to the contract, as is manifested by the instructions submitted, was correct and as favorable to the defendant as he had a right to ask. Defendant contends that it is ambiguous in its terms touching the place of delivery, and insists that the court should have admitted evidence showing that it was the intention of the parties that delivery should be made at the ranch of the defendant. This contention is wholly without merit, for the court so construed the contract, and it is entirely clear that the plaintiff so understood it and acted upon it; for both under the original contract and the subsequent modification of it, the plaintiff sent agents to the ranch of the defendant and demanded delivery there, the only question in controversy being whether the defendant complied with it on his part or intended to do so. The instructions submitted therefore were correct and entirely applicable to the facts.

The record does not show what, if any, instructions were requested by the defendant upon other specific points in the case. He therefore cannot complain that the instructions submitted were not sufficiently specific.

2. As to the contention that the evidence is not sufficient to justify the verdict, it is sufficient to say that it presents a substantial conflict upon the material issues involved. Such being the case, and the district court having re-examined it and declined to grant a new trial, this court must accept its judgment thereon as conclusive. It does not appear that the trial court abused its discretion in the premises.

3. Nor do we find error committed by the court in taxing the costs. Complaint is made that the court erred in allowing mileage of two witnesses who reside in other counties than Cascade and more than thirty miles from the place of trial. Appellant invokes section 3304 of the Code of Civil Procedure, which provides: ''A witness is not obliged to attend as a witness before any court, judge, or justice, or any other officer, out of the county

in which he resides, unless the distance is less than thirty miles from his place of residence to the place of trial.'' Contention is made that, since under this section a witness situated as were these may not be compelled to attend the trial, it follows that if they do attend, the successful party calling them may not recover the mileage paid them as a necessary disbursement in the case, but that he should have taken their depositions.

The above provision is clear and explicit in its terms and is not open to the construction contended for by appellant. Its constitutionality was doubted by this court in *McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428; but conceding that it is not open to this objection, it does not deal with the subject of mileage of witnesses, but clearly and explicitly and in terms extends to a witness coming within its provisions a privilege to attend or refuse at his option. He may not be compelled to attend. In that event his deposition may be taken under section 3342 of the Code of Civil Procedure. Under section 4648 of the Political Code, a witness attending a trial is entitled to his mileage going to and returning from the place of trial at the rate of ten cents per mile. There is no conflict between the latter section and the provisions of the Code of Civil Procedure, *supra.* Both are clear and explicit upon the subjects with which they deal; but if there were a conflict, the latter would prevail. (Political Code, sec. 5162.) These witnesses attended the trial. They were entitled to their mileage. Such being the case, and the court having found, as it did, that their testimony was necessary, the plaintiff was entitled to include the amount paid them in its cost bill. (*McGlauflin* v. *Wormser supra.*)

As stated above, the plaintiff at the commencement of the action caused an attachment to issue and to be levied upon a sufficient number of cattle of the defendant to secure his recovery. The sheriff under order of the court put a keeper in charge, and his compensation, together with the expense of feeding, was paid by the plaintiff. The contention is made that under the holding of this court in *Ancient Order of Hibernians*

v. *Sparrow et al.,* 29 Mont. 132, 101 Am. St. Rep. 563, 74 Pac. 197, 64 L. R. A. 128, the plaintiff was not entitled to an attachment in this case, and, since he was not, none of the expense incurred by the plaintiff in caring for the property can be recovered as necessary disbursements in the case. The record, however, shows that the defendant moved the court to dissolve the attachment on the ground that the plaintiff was not entitled to it. This motion was overruled. Although the defendant was entitled to an appeal from this order (Code of Civil Procedure, section 1722, as amended by Act of 1899, Session Laws, 1899, page 146), he prosecuted no appeal, but submitted to the order of the court as made. Section 1742 of the Code of Civil Procedure provides that, upon appeal from a judgment, the court may review the verdict or decision and any intermediate order or decision, excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken. Under this provision this court has no power to review the action of the court upon the motion to dissolve the attachment, because, being an appealable order, it cannot be reviewed on appeal from the judgment. Since the defendant submitted to the ruling of the court and took no appeal, he cannot now complain that all the consequences flowed from it that would have resulted from an order correctly made. Under the circumstances, we think the court was clearly correct in taxing all costs incident to the attachment proceeding, subject to the provisions of section 1866 of the Code of Civil Procedure, which limit the allowance to such disbursements only as are reasonable and necessary.

Let the judgment and order be affirmed.

*Affirmed.*

MR. JUSTICE MILBURN concurs.

MR. JUSTICE HOLLOWAY: I agree with all that is said except in the first portion of paragraph 3 of the opinion.

If section 3304 of the Code of Civil Procedure is constitutional, then I am of the opinion the district court erred in allowing the prevailing party to recover for mileage paid the witnesses Mongar and Paradis. Those witnesses were not obliged to attend the trial if that section is valid, and if it was not necessary for them to do so, their mileage was not an expense necessarily incurred, and, if not, the plaintiff could not recover it.

In order to recover any particular item as costs the party claiming the same is required to swear that such item was necessarily incurred. (Code of Civil Proc., sec. 1867.) It seems to me impossible for the plaintiff in this instance to make that affidavit respecting this mileage which section 3304 above specifically provides need not be incurred. (*Mylius* v. *St. Louis F. S. & W. R. R. Co.,* 31 Kan. 232, 1 Pac. 619.)

The question of the validity of section 3304 above was not presented. While I entertain great doubt as to the validity of the section, I think the court erred if this section should be held to be valid.