408 P.2d 180

J. B. HESSING and Waldo Thurber, d/b/a
Hessing-Thurber Motors, Plain-
tiffs-Respondents,

v.

Ben R. DRAKE and Jenny Drake, husband
and wife, and Jenny Drake, Agent,
Defendants-Appellants.

No. 9476.

Supreme Court of Idaho.

Nov. 24, 1965.

Millar & Callister, Boise, for respondents.

Vernon K. Smith, Boise, for appellants.

McFADDEN, Justice.

Ben R. Drake and Jenny Drake, husband and wife, appellants herein, owned a 1960 Dodge station wagon, which was damaged in an accident with another vehicle. The insurance carrier on the other vehicle agreed to settle for the damages to the Dodge vehicle, and appellants had respondents estimate the cost of repairs, using new parts. Respondents submitted their estimate for repairs in the amount of $681.-64. This was acceptable to the insurance carrier, and Mr. Drake authorized the respondents to make the repairs, asking that used parts in place of new parts be used where possible. A few days later the garage called and informed the appellants that their car was repaired. Mrs. Drake went to pick up the car and signed an invoice No. 8606 for $461.64. At the same time she signed a form of assignment to respondents of the insurance check to pay the bill. The amount of the assignment was for the original estimate of $681.64.

Following receipt of a $631.61 bill, Mr. Drake consulted with Mr. Thurber concerning the difference between the bill as rendered and the invoice of $461.64, Mrs. Drake had signed. They discussed the bill at a later time when Mr. Thurber presented Mr. Drake an unsigned invoice No. 8646, in the amount of $170 for labor. This discussion resulted in Mr. Drake leaving his check for $461.64 to pay the bill on the first invoice.

The record is conflicting as to what was said by Mr. Drake and Mr. Thurber, at the various meetings. In any event, Mr. Thurber filed the present action, then entitled "Waldo Thurber, d/b/a Hessing-Thurber Motors," wherein a writ of attachment was issued by which Mr. Drake's bank account was garnished for $631.64, and the Dodge station wagon attached.

Appellants filed their motion to dissolve the attachment on the ground that the affidavit for attachment was fraudulent and untruthful and unnecessary because the respondents were secured by the assignment of the insurance company check which was made out to the Drakes and the respondents. This motion was denied. Subsequently, another motion to dissolve the attachment was filed, this time appellants asserting that the affidavit for attachment was false inasmuch as the plaintiffs were se-

cured by a possessory lien for repairs to the car. This second motion was likewise denied by the court, and in the order denying the motion the trial court recited:

"I conclude that defendants' motion should be denied. First the second motion to dissolve was procedurally improper and the issues raised could and should have been raised under the first motion. * * *

"Secondly, I am of the opinion that on the merits, the motion should be denied.

"Assuming plaintiff had a lien dependent upon possession at the time he delivered the car to defendant, I am unable to say on the present record that this lien became valueless as the result of a voluntary act of plaintiff. The record indicates, and Mrs. Drake does not deny, that she signed the purported assignment of the insurance proceeds. This act by Mrs. Drake may, depending upon further evidence, amount to a misrepresentation sufficient to excuse plaintiff's release of lien, if he had one.

"The motion to dissolve will therefore be denied.

"IT IS ORDERED."

Appellants filed an answer to the complaint and a counterclaim for damages for wrongful attachment, and the cause came to trial before the court and a jury. At the close of the respondent's case, appellants moved to amend their answer alleging as another defense the failure of the respondents to join an indispensable party, inasmuch as Hessing-Thurber Motor Co. was shown to be a partnership, and the original complaint was brought by Mr. Thurber alone, doing business as Hessing-Thurber Motors; then appellants moved to dismiss the cause on that ground. Before ruling on appellants' motions, the trial court allowed Thurber to amend his complaint to show the partnership status of the plaintiff and denied appellants' motion to dismiss.

At the close of the case the trial court submitted the factual issues to the jury by a special form of verdict requiring answers to certain specified interrogatories. In accordance with findings made by the jury, the trial court entered its order directing entry of judgment for respondents for $607 as the reasonable value of the repairs to appellants' car, and in favor of appellants for $525 damages for loss of the use of their car while it was attached; that appellants' claim for punitive damages and attorney's fee be denied by reason of the jury's finding that respondents were not motivated by maliciousness; final judgment was entered in favor of respondents for $82.00. Thereafter the respondents filed their motions for judgment notwithstanding the verdict or for a new trial, and

for relief from judgment under I.R.C.P. 60, which were granted by the trial court and subsequently judgment for $607 was entered for respondents, together with costs which amounted to $194.31.

Appellants in this appeal designate six assignments of error, namely:

1. Error in denying their motion for judgment of involuntary dismissal of respondents complaint for failure to join an indispensable party.

2. Error in not fixing a reasonable attorney's fee for prosecuting the wrongful attachment suit.

3. Error in granting respondent's motion for judgment notwithstanding the verdict, without them first having moved for involuntary dismissal or for directed verdict.

4. In entering judgment for respondents for $607, instead of $82.00.

5. In allowing costs to respondents.

6. In denying appellants objections to the cost bill.

■ As concerns appellants' first assignment of error which questions the trial court's refusal to grant their motion to dismiss, the trial court allowed Mr. Thurber to amend his complaint to add as an additional plaintiff the other partner in the firm, namely Mr. J. R. Hessing. During respondents case in chief, there was testimony that Mr. Thurber and Mr. Hessing were partners, doing business as Hessing-Thurber Motors. With the addition of this additional party, the trial court did not err in denying the motion to dismiss as interposed by the appellants. I.R.C.P. 15(a) authorizes an amendment of a complaint after commencement of trial with leave of court and further provides: " * * * and leave shall be freely given when justice so requires * * *." I.R.C.P. 15(b) further provides that when issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated as if raised, and further: "Such amendment of the pleadings as may be necessary to cause them to conform to the evidence * * * may be made upon motion of any party at any time, * * *." This subsection also provides: " * * * The court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

■ Under statutes, later adopted as court rules, this court has authorized amendments of pleadings during the course of a trial. Rankin v. Caldwell, 15 Idaho 625, 99 P. 108; Sweeney v. Johnson, 23 Idaho 530, 130 P. 997; Trask v. Boise King Placers Co., 26 Idaho 290, 142 P. 1073.

This court has also held, under the prior statutes, later adopted as court rules, that variance between the proof and pleadings is insufficient for this court to reverse a judgment without a showing of prejudice. Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370. A variance is fatal only where it has misled or may serve to mislead the adverse party. Naccarato v. Village of Priest River, supra; Lewis et al. v. Utah Const. Co., 10 Idaho 214, 77 P. 336; Joyce v. Rubin, 23 Idaho 296, 130 P. 793.

The earlier cases cited above demonstrate the liberal philosophy concerning amendments of pleadings during the course of trial. Such liberal philosophy has been carried into the present rules of civil procedure, and such rules have been so interpreted by this court in the following cases: Smith v. Big Lost River Irrigation District, 83 Idaho 374, 364 P.2d 146; Morford v. Brown, 85 Idaho 480, 381 P.2d 45; Frost v. Mead, 86 Idaho 155, 383 P.2d 834.

The complaint having been amended, and no showing of actual prejudice being interposed by appellants, and no request for a continuance having been made, the trial court did not err in denying appellant's motion to dismiss on the ground of initial failure to join an indispensable and necessary party.

Appellants' second assignment of error presents the question of whether the trial court should have allowed them an attorney's fee for services in connection with the claimed wrongful attachment. This assignment necessitates a brief review of the issues presented by the pleadings, and a review of the previous rulings of the trial court on the motions to dissolve the attachment.

By appellants' counterclaim, which was a part of their answer to the amended complaint, it was asserted that the writ of attachment was obtained by a false, fraudulent and untruthful affidavit by claiming there was $681.64 due and owing, whereas in truth there was only $461.64 due and owing; that it was further false, fraudulent and untrue in claiming that there was no security by mortgage or lien upon personal property or any pledge, whereas in the truth the claim was secured; the counterclaim also alleges that the attachment was wilfully, deliberately and maliciously obtained with intention to embarrass, humiliate and cause the appellants annoyance, botherment and inconvenience. The counterclaim by its prayer for relief sought judgment for loss of use of appellants' vehicle, for punitive damages and for reasonable attorneys' fees in defense of the wrongful attachment.

It is to be recalled that on two separate occasions, prior to trial, the appellants sought by motion to have the writ of attachment dissolved, and that the trial court denied both of the motions.

Appellants contend, however, that no final order of the trial court was entered on denial of their second motion to dissolve. With this contention we do not agree. Specifically this second order stated: "The motion to dissolve will therefore be denied: IT IS SO ORDERED." This was a final order from which an appeal could have been taken.

I.C. § 13–201 designates that an appeal may be taken from an order dissolving or refusing to dissolve an attachment. I.C. § 13–219 provides:

"Upon an appeal from a judgment the court may review the verdict or decision and any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, *except a decision or order from which an appeal might have been taken; * * *"* (emphasis added.)

Thus the orders of the trial court denying appellants' motions to dissolve the attachment being appealable orders, and no appeal having been taken from them, this court on this appeal cannot consider the questions presented by appellants' motions since the court's ruling on such motions became final in that regard. See: 7 C.J.S. Attachment § 477, p. 638; 6 Am.Jur.2d 863, Attachment and Garnishment § 430; Great Falls Meat Co. v. Jenkins (1906), 33 Mont. 417, 84 P. 74, under statute similar to I.C. § 13–219; See: Revised Codes of Montana (1947) § 93–8022, formerly § 9750; Brun v. Evans (1925) 197 Cal. 439, 241 P. 86, under statute similar to I.C. § 13–219. Annot.: 79 A.L.R.2d 1352, § 25, p. 1396.

In the case of Moseley v. Fidelity etc. Co. of Maryland, 33 Idaho 37, 189 P. 862, 25 A.L.R. 564, this court stated:

"The authorities are not uniform, but we conceive the weight of authority in jurisdictions having statutes similar to ours, to be that one against whom an attachment was wrongfully issued is entitled to recover as a part of his damages for the wrong, the expenses which he incurred in defending against such attachment (6 C.J. p. 542, § 1331), and that, as a general rule, expenses incurred in the defense of the main action in which the attachment issued are not recoverable (6 C.J. p. 543, § 1330), but when a trial of the main action is necessary to vacate the attachment, the expenses of trial are recoverable against the sureties on the attachment bond. (citing cases.)

"The authorities are not in harmony on the question of the right to recover counsel fees expended in the attachment suit in an action upon the undertaking. The preponderance of authority favors the rule that a party may recover, as damages sustained by reason of the wrongful attachment, his rea-

sonable counsel fees incurred in defending against the attachment (6 C.J. p. 543, § 1334), and as a general rule will be limited to services rendered in connection with the attachment itself, and no allowance can be made for services rendered in defending the principal action. (6 C.J. p. 545, § 1335).

"An exception to the rule arises where the entire defense to the main action merely tended to show the wrongful issue of the attachment (citing case), or where a trial of the principal action was necessary to dispose of the attachment. (citing cases)."

Briefly, in summary, had the appellants been successful in their motions to dissolve the attachment, or had they prevailed in the main action on the issues presented by the complaint and their answer thereto, then, and only then would they have been entitled to consideration for an attorney's fee in this cause. In the instant cause they neither prevailed in their motions for dissolution of attachment, nor in their defense of the main action. Appellants did not appeal from the denial of their motions to dissolve the attachment, and having failed to take such an appeal, as authorized by I.C. § 13–201(2), the ruling of the trial court in denying appellants allowance for attorney's fee was not erroneous.

Appellants' allegation in their counterclaim that the respondents in attaching the property "in an excessive sum was a willful, deliberate and malicious act, * * *" avails them nothing, because the jury by its special verdict specifically found that the respondents were not actuated by malice when they caused the writ of attachment to issue. There is competent evidence to sustain such finding, and hence no claim of malicious prosecution can be considered.

Concerning appellants' third assignment of error that the court erred in granting respondents' motion for judgment notwithstanding the verdict, without first having moved for involuntary dismissal or for directed verdict, the record discloses that at the close of the submission of appellants' testimony, respondents' counsel moved as follows:

"At this time, your Honor, Plaintiff makes a motion to have stricken from the issues of this case, the defendants' issue on wrongful attachment, on the basis that the same has not been supported by the evidence offered in this trial."

This motion was denied by the court. After the special verdict of the jury was returned, the court directed entry of judgment for respondents in the amount of $607 (the amount the jury found owing to respond-

ents) less the sum of $525 (the amount the jury found to be damages appellants suffered by being deprived of the use of their car while attached), and judgment for $82.-00 was entered. Thereafter respondents presented their motion for judgment under I.R.C.P. 60, to eliminate the offset of $525.-00. The court granted these motions, and ordered entry of a corrected judgment for respondents for $607. Pursuant to such order a corrected judgment was entered for $607.00 plus costs.

The trial court in its order granting the respondents' motions made after trial recited that the reasons for granting them was that the question of unlawful attachment raised by the appellants and submitted to the jury were not proper questions for the jury because those issues had been previously decided by the denial of the motions to dissolve the attachment, and no appeal having been taken, appellants cannot now attack such orders denying their motions to dissolve the attachment. The trial court's analysis is correct, except that had appellants prevailed in the main cause, the writ of attachment would not have been properly issued. However, the question is not presented here, because the appellants did not prevail in main cause, relating to the balance due on the bill for repairs. The damages for loss of use of the appellant's vehicle could only be author-ized in the event there was an unlawful attachment, and there being no unlawful attachment, no allowance for such damages could be authorized. While the interrogatories were somewhat confusing on this issue, the function of interrogatories to the jury in a case such as this is not to resolve the whole cause, but to furnish the trial court with answers to factual issues, so that the trial court, relying on the facts so found, can properly enter judgment thereon. The trial court, acting under the authority of I.R.C.P. 60, did not err in granting this motion and in correcting the judgment.

No error appearing in the action of the trial court in entering the corrected judgment, appellant's third assignment of error must be disregarded.

The last two assignments of error deal with the allowance of costs to the respondents. However, no authority has been cited pointing out where the trial court erred in any specific item in the cost bill. Judgment for over $100 being entered, under the provisions of I.C. § 12–102(3) respondents were entitled to their costs.

The judgment for respondents is affirmed. Costs to respondents.

McQUADE, C. J., TAYLOR and KNUDSON, JJ., and LODGE, D. J., concur.