700 P.2d 71

**WEST BOISE 87, an Idaho corporation, Darrel V. Manning, Dale Purdy, Willis C. Pierce, John Zamora, James Boyd, Peter Williams, Clifton Gibbs, William Deasey, Carol Deasey, Clifford Wellington, Mrs. Clifford Wellington, Ray Cantreil, James N. Welch, Lynne Welch, Jerry C. Pate, Greta D. Pate, Henry L. Gimmel, Roger T. Keithly, Joanne Wright, Mrs. Edwin T. Wilkinson, Dorcey Riggs, Karen Simkins, and Clinton P. Simkins, Plaintiffs-Respondents,**

v.

**L & S DEVELOPMENT COMPANY; Edward L. Bews; and A. Burton Smith, Defendants-Appellants,**

and

**Boise City; Boise City Council, and the following members, Marge Ewing, Ralph McAdams, Berne K. Jensen, Corki Onweiler, Joy Buersmeyer and Glenn E. Selander; Boise City Planning & Zoning Commission, and the following members, Dale Higer, Stan Nuffer, Joan Carley, Charles F. Hall, Greg Kreizenbeck, James Melville, H. George Richardson, Robert Sims, and William Winkle; Gerald T. Unterkeofler, Director of Planning; and Richard R. Eardley, Mayor, Defendants-Respondents by Intervention.**

No. 15111.

Court of Appeals of Idaho.

April 9, 1985.

Richard H. Greener and Rory R. Jones (argued), Clemons, Cosho & Humphrey, Boise, for defendants-appellants Bews and Smith.

Wilford H. Fawcett, IV, Deputy City Atty., Boise, for defendant-respondent by intervention Boise City.

Charles F. McDevitt, Givens, McDevitt, Pursley & Webb, Boise, for plaintiff-respondent West Boise 87.

WALTERS, Chief Judge.

L & S Development Company appeals from the district court's order sustaining a decision of the Boise City Planning and Zoning Commission. Because we hold the district court erred by entering the order from which L & S appeals, we vacate the order and remand for further proceedings pursuant to the Idaho Administrative Procedures Act.

This suit was commenced by an association of Boise citizens identified as "West Boise 87." The group objected to L & S's plan, which already had been approved by the Boise City Planning and Zoning Commission, to develop Cole Village, a planned unit development containing commercial and residential properties. Cole Village was planned on eighty-seven acres located in west Boise and, because the property was zoned for residential construction, L & S sought a zoning variance from the planning and zoning commission. The plan included five-story apartment buildings, town homes, and single family detached and single family "zero lot line" residences. The commercial development, including a building containing six movie theaters, would add twenty-thousand square feet of retail shopping space to an existing shopping mall. West Boise 87 alleged in its amended complaint that L & S and the Boise Planning and Zoning Commission had failed to give residents impacted by Cole Village adequate notice of the hearing, held in March, 1979, at which the development plan was approved. The group sought a writ of mandate directing the Boise City Council to declare the planning and zoning commission's approval of Cole Village null and void; a writ of mandate and prohibition directing the City to withhold building permits for Cole Village; and declaratory relief. L & S moved for summary judgment, arguing that West Boise 87 was obligated to exhaust administrative remedies before filing a court action.

In its initial memorandum opinion and order, the district court denied West Boise 87's request for a writ of mandate and prohibition, and denied L & S's motion for

summary judgment. The court specifically declined to consider, but left the issue open, whether West Boise's complaint could be regarded as a petition for judicial review of an administrative decision. I.C. § 67–5215 provides for judicial review of administrative decisions, after administrative procedures have been exhausted. After West Boise moved to have its complaint be treated as a petition filed pursuant to I.C. § 67–5215, the district court entered another memorandum opinion and order. The court granted West Boise's motion, and also ordered the planning and zoning commission to conduct another hearing on L & S's request for a zoning variance. No review on appeal was undertaken from the second order.[1]

At the hearing ordered by the district court, the planning and zoning commission deferred approval on L & S's application until a traffic study was completed and to give L & S an opportunity to modify its development plans. L & S deleted the five-story apartment buildings, reduced the amount of commercial space, and eliminated two of the proposed movie theaters. During a hearing held on April 12, 1980, the planning and zoning commission announced it would approve the Cole Village development only if L & S further reduced the amount of commercial space and eliminated all the movie theaters. Pursuant to the court's order in its second memorandum decision, the new evidence and the altered decision of the commission were filed in the district court. Thereafter, L & S moved the district court to overturn the latest planning and zoning commission decision and to order the March, 1979 decision reinstated. It is from the order denying this motion that L & S appeals.

L & S urges on appeal that the district court erred by not dismissing the original complaint filed by West Boise 87. L & S believes the court lacked subject matter jurisdiction over West Boise 87's suit because administrative remedies had not been exhausted. Even if West Boise 87 was entitled to judicial review, L & S argues, the group's petition for review was not timely filed. Finally, L & S contends the decision of the planning and zoning commission to withhold approval of Cole Village was not based on findings supported by substantial and competent evidence. Thus, L & S maintains the district court should have reversed the commission's decision.

We decline to review L & S's claims regarding the complaint filed by West Boise 87. Because L & S elected not to pursue an appeal from the district court's opinion and order requiring a new hearing in the planning and zoning commission, L & S waived its right to raise those issues later. *See Hessing v. Drake*, 90 Idaho 67, 408 P.2d 180 (1965) (defendants waived error of the court in denying their motion to dissolve an attachment by not appealing from such order and such error could not be reviewed on appeal from final judgment in the main action). We believe the district court erred, however, by exercising its jurisdiction after it ordered a new hearing. Normally, a party is entitled to judicial review of administrative decisions only after all administrative remedies have been exhausted. I.C. § 67–5215. Our Supreme Court has frequently upheld the exhaustion rule. *See e.g., Grever v. Idaho Telephone Company*, 94 Idaho 900, 499 P.2d 1256 (1972); *Williams v. State*, 95 Idaho 5, 501 P.2d 203 (1972). Pursuant to the Boise City Code, § 11–1–9.9 (1963), Boise Planning and Zoning Commission decisions are appealable to the Boise City Council. The new hearing before the commission on L & S's request for a zoning variance cured notice defects attendant to the initial hearing. Once the defects were cured, the administrative process began on a clean slate.[2] L & S's ensuing appeal

---

1. L & S did file a notice of appeal of the district court's second order, but then voluntarily dismissed the appeal.

2. The district court apparently believed it could exercise jurisdiction under I.C. § 67–5215(e). That section specifies a procedure to augment the record once an administrative decision is pending before the reviewing court. Even if

452

should have been taken, in the first instance, not to the district court but to the Boise City Council. Because the district court bypassed the appeal to the City Council, as provided by ordinance, we vacate the order of the district court and remand for proceedings consistent with this opinion.

Costs to Appellant. No attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.

West Boise 87's complaint were properly on review before the district court, nothing in the

record indicates the steps setting I.C. § 67-5215(e) in motion were taken.