FREDERICK W. MICHAELIS

*v.*

SARAH WOLF *et al.*

*Filed at Ottawa January 22, 1891.*

1. CONTRACTS—*conditions precedent—compliance therewith—or excuse for non-compliance—to be shown.* Compliance with a condition precedent to a right of recovery upon a contract, or excuse for non-compliance, must be averred in the pleadings and established by the evidence in an action upon the contract; and the rule requiring compliance or excuse for non-compliance with a condition precedent, applies as well to a proceeding in equity as to a suit at law.

2. SAME—*contract partly printed, and partly in writing—construction.* In the case of a contract partly printed and partly in writing, it is only where there is an inconsistency between the printed and written parts

that the rule of construction giving the written part a controlling effect, prevails. If effect can be given to both the written and printed matter that should be done, so that each and every part of the contract shall have some effect.

3. BUILDING CONTRACT — *architect's certificate — whether necessary.* Where provision is made in a building contract, for the payment of the price, or a portion or portions of such price, upon the certificate or certificates of the architect in charge of the construction of the building, the obtaining or the presentation of such certificate or certificates is a condition precedent to the right to require payment, and such condition must be strictly complied with, or a good and sufficient excuse shown.

4. A building contract provided for payment in six installments,— the first three at various stages of the work, the fourth when the building was completed, the fifth thirty days thereafter, and the last six months thereafter, and that in each case of the said payments a certificate should be obtained from the architect that the work was done in strict accordance with the plans and specifications. It was contended that after completion of the building the architect's fourth certificate was conclusive as to the character of the work, and no other certificate was necessary to a recovery of the other installments: *Held,* that the certificate of the architect was necessary as to each and every payment.

5. SAME—*architect's certificate—sufficiency.* Where a building contract requires the contractor, before each payment on the price of the work and materials, to procure a certificate signed by an architect therein named, "to the effect that the work is done in strict accordance with drawings and specifications, and that he considers the payment properly due," a mere order signed by the architect, addressed to the owner, requesting him to pay a given sum to the contractor, will not conclude the owner. The certificate must be substantially such as the contract calls for.

6. SAME—*architect's certificate—excuse for not procuring it.* Where a building contract makes the architect's certificate a condition precedent to the payment of the several installments upon the work, an allegation in the bill brought to enforce a mechanic's lien, that the complainant demanded such certificates of the architect, but that he, acting in furtherance of a conspiracy with the defendant to cheat and defraud the complainant, fraudulently withheld the same, and a full compliance with the contract in all other respects, is a sufficient charge of fraud, and if sustained by the evidence will be amply sufficient to relieve the contractor from the necessity of procuring the architect's certificates.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. LEVI SPRAGUE, for the appellant:

If appellant, as a matter of right, was entitled to certificates as to the fifth and sixth installments, and the architect refused to give them, the refusal was a fraud, against which equity may relieve.   4 Bouvier's Institutes, sec. 3838; Willlard's Eq. Jur. 147.

Mr. M. SALOMON, for the appellees:

The bill should have averred the issuing of the architect's certificates, or that they were fraudulently withheld by the architect.   *Barney* v. *Giles,* 120 Ill. 154; *Barton* v. *Herman,* 11 Pa. 778.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is a bill prosecuted by Michaelis, the appellant, for the enforcement of a mechanic's lien upon a certain lot and premises of Sarah Wolf, one of the appellees, for the sum of $1450, claimed to be due and unpaid for the erection of a three-story and basement brick building thereon.   The other appellees are the holders of trust deeds and incumbrances on the lot. The house was constructed under a written contract, which provided that it should be erected and completed in accordance with certain plans, drawings and specifications, and under the direction and personal supervision and to the satisfaction of Edward G. Elcock, architect.   The contract price for the work and materials was $5450, and it was to be paid in six installments, the first three, aggregating $2000, at various stages of the work; the fourth, of $2000, when the building was finished; the fifth, of $1000, thirty days thereafter; and the sixth, of $450, six months thereafter.   It was by the contract provided,

"that in each case of the said payments a certificate shall be obtained from and signed by the said Edward G. Elcock, architect, to the effect that the work is done in strict accordance with the drawings and specifications, and that he considers the payment properly due, said certificate, however, in no way lessening the total and final responsibility of the contractor; neither shall it exempt the contractor from liability to replace work if it be afterwards discovered to have been done ill, or not according to the drawings and specifications, either in execution or materials." The first three and the fourth installments of the contract price have been paid, amounting in all to $4000. This suit is for the fifth and sixth installments.

Where, in a building contract, provision is made for the payment of the price, or a portion or portions of such price, upon the certificate or certificates of the architect in charge of the construction of the building, the obtaining or presentation of such certificate or certificates is a condition precedent to the right to require payment, and such condition must be strictly complied with, or else a good and sufficient excuse shown for not complying therewith. Such compliance with the condition precedent, or excuse for non-compliance, must be averred in the pleadings and established by the evidence; and the rule in question, requiring compliance or excuse for non-compliance with a condition precedent, applies as well to a proceeding in equity as a suit at law. (*Barney et al.* v. *Giles*, 120 Ill. 154; *Downey* v. *O'Donnell et al.* 86 id. 49; *Wolf* v. *Michaelis*, 27 Ill. App. 336.) In this case, the bill, as amended, does not show that certificates of the architect were obtained for the fifth and sixth installments of the contract price, but it does allege that appellant demanded of the architect certificates for said installments, but that said architect, acting in furtherance of a conspiracy entered into with appellee Sarah Wolf and her husband, to cheat and defraud him, appellant, fraudulently withheld such certificates and refused to issue the same; that he fraudulently alleged the building had not been completed

according to contract, that the work was not well done, and that the materials used were not good, merchantable materials, and that thereby said Sarah Wolf had sustained damages to the full amount unpaid upon the contract. It further avers the completion of the building in a good and workmanlike manner, and with good, merchantable materials, and in strict accordance with the contract and plans and specifications.

The charges of fraud, if they are sustained by the proofs, are amply sufficient to relieve appellant from the necessity of showing that he has procured the certificates in question; but the truth of these allegations of fraud, and of the averments in regard to the completion of the house according to contract, is put in issue by the answers, and from the testimony of Elcock, the architect named in the contract, and that of Swanson, Frank and Stendy, architects and builders of many years' experience, and the other evidence contained in the record, it is manifest that said Elcock, in refusing to give certificates for the fifth and sixth installments called for by the contract, acted without fraud, and in the utmost good faith. In fact, the weight of the evidence seems to indicate that the building, in various respects, was not in conformity with the requirements of the contract.

A claim is made that since, in the construction of a contract, the written matter controls that which is printed, and since in written portions of the contract here involved it is provided that payments are to be made at fixed stages in the progress of the work and upon the completion of the building, and at definite times thereafter, and since the requirement of the architect's certificate is found in the printed part of the printed blank used, it follows that the times fixed in writing for payment must control the provision, in print, for a certificate. It is only where there is an inconsistency between the written and the printed parts of a contract that there is any occasion for the application of the rule of construction invoked by appellant. Here, due effect can be given to both the written and

the printed matter, and the law requires that the whole of a contract should be considered, and the different parts so construed as that, if possible, each part will have some effect. The written words state the different stages of the work, and periods after its completion, when payments are to be made, and then follows this language: "*Provided,* that in each case of the said payments a certificate shall be obtained from and signed by the said Edward G. Elcock, architect," etc. The manifest office and intention of the proviso was to introduce the condition precedent. That most of these words were in the printed form is wholly immaterial; and, we may add, the insertion in writing, in the body of the proviso, of the name of the particular architect agreed upon, affords evidence that the attention of the parties was specially called to the proviso. There is no force whatever in the point made by appellant, and we have already dignified it with too large a degree of attention.

It is urged that a certificate was given by the architect for $300, it being the residue then unpaid of the fourth installment, and that a judgment for said $300 was recovered in a law court; that said fourth installment, by the terms of the contract, was only to be certified to and paid when the building was completed; that the issuance of such certificate is conclusive evidence that the building was satisfactorily completed, and that therefore no certificates were necessary for the fifth and sixth installments, and that the architect having once passed upon and certified to the work, can not again go over the same ground and claim that the building does not conform to the contract and the plans and specifications. This claim is without merit. The parties made their own contract, and they should abide by it. They agreed that in *each case* of the said payments a certificate should be obtained from and signed by the architect, Elcock. Probably the reason why certificates were required for the fifth and sixth installments was, to guard against the contingency that the building, and the

workmanship thereon and the materials used therein, might appear to be unobjectionable when the house was first completed, and yet serious defects be discovered before either of the last two payments became due.   If so, Mrs. Wolf is entitled to the benefit of her foresight and precaution.   Besides this, it appears from the evidence that the so-called certificate was a mere order signed by the architect, and addressed to Mrs. Wolf, requesting her to pay to appellant $300, "to apply on account of your building."   The certificate which the contract provided for, and which the appellee Sarah Wolf agreed to pay money upon and be bound by, was a certificate signed by the architect, "to the effect that the work is done in strict accordance with drawings and specifications, and that he considers the payment properly due."   An architect's certificate under a building contract must be substantially such as is required by the contract.   In *Barney et al.* v. *Giles*, 120 Ill. 154, the architect's certificate called for by the contract was one "that the contract has been well and truly performed," and accepted by him, and that all damages or allowances which should be paid or made have been deducted," and the certificate relied on by the contractors was one given by the architect that they "are entitled to the payment of $1079.73 by the terms of contract—work has been measured at building."   It was held that the certificate was wholly insufficient to entitle the contractors to their final payment.

No error appearing in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*