JOSEPH R. BEHARRELL *vs.* HENRY B. QUIMBY.

Middlesex.   November 13, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Construction of Contract — Certificate of Architect — Law and Fact — Waiver — Finding.*

A. and B. executed a written contract, by the terms of which A. was to erect a house on B.'s land for a certain sum, which was to be paid in three instalments, the second payment to be made "when all is completed," and providing that "in each of the said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to his satisfaction"; and that no certificate "except the final certificate" should be conclusive evidence of the performance of the contract, either wholly or in part, against any claim of the owner. No certificate was given for the first payment, but the architect gave a certificate reciting that A. was entitled to a certain sum, "being the second payment on the contract." *Held*, that this certificate was not a final one, within the meaning of the contract.

If a contract for the erection of a house provides that the consideration is to be

paid in three instalments, that a certificate of the architect is to precede each payment, and that no certificate except the final one is to be conclusive evidence of the performance of the contract, and an auditor, to whom an action on the contract brought before a final certificate has been furnished by the architect is referred, finds that such certificate was not fraudulently or capriciously withheld, although he reports some facts tending to show the contrary, but which are not conclusive, this court cannot say, as matter of law, upon a report of the case by a judge who found for the defendant, that a sufficient reason or excuse for failing to produce a final certificate from the architect was made out; nor are payments made before and upon the furnishing of a certificate by the architect that the contractor is entitled to the second payment, to be deemed, as matter of law, a waiver of a further certificate.

A. and B. executed a written contract, by the terms of which A. was to erect a house on B.'s land for a certain sum, which was to be paid in three instalments, the second payment to be made "when all is completed," and the final payment thirty days after the completion of the work, "provided that in each of the said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to his satisfaction." The contract also recited that "no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, against any claim of the owner"; and that the owner "hereby contracts to pay the same at the time, in the manner, and upon the conditions, above set forth." No certificate was given for the first payment, but the architect gave a certificate reciting that A. was entitled to a certain sum, "being the second payment on the contract." About a month before this certificate was given, C. signed an agreement, which, after reciting that "there is now due to" A. from B. "a sum of money under and by virtue of a certain written contract," covenanted that, for considerations stated, C. would pay to A. "all sums of money now due and to become due to him under said contract according to the tenor thereof." On the day this agreement was dated a first payment was made to A.; ten days later a further payment was made; and about twenty days after this a third payment was made, the architect's certificate above mentioned being furnished on that day. About a month later, no further certificate having been given, A. brought an action on C.'s agreement. The judge, who tried the case without a jury, found for the defendant, on the ground that the action was prematurely brought. *Held*, that this finding was warranted by the evidence.

CONTRACT, upon a written agreement, dated March 22, 1892, reciting that "there is now due to Joseph R. Beharrell from Edward R. Orcutt a sum of money under and by virtue of a certain written contract," by the terms of which the plaintiff undertook, "for a consideration therein specified to be paid by said Orcutt at the times and in the manner therein mentioned," to erect a dwelling-house on Orcutt's land; that the defendant had taken from Orcutt a deed of such land; and that the plaintiff had, at the defendant's request, refrained from attaching the property "for the sum due him under said contract"; and cov-

enanting, in consideration of the premises, that the defendant would pay to the plaintiff "all sums of money now due and to become due to him under said contract according to the tenor thereof"; and signed by the defendant. The case was referred to an auditor. Trial in the Superior Court, without a jury, before *Bishop*, J., who found for the defendant; and, at the request of the parties, reported the case for the determination of this court. If the ruling of the judge was wrong, and if, upon the evidence, the plaintiff was entitled to recover, judgment was to be entered in his favor; otherwise, judgment was to be entered for the defendant in accordance with the finding. The facts appear in the opinion.

*F. W. Qua*, for the plaintiff.

*H. L. Boutwell*, for the defendant.

ALLEN, J. The only two questions reported for our determination are, (1) whether the ruling as to the certificate was wrong, and (2) whether upon the evidence the plaintiff was entitled to recover.

1. The ruling that the certificate given by the architect was not a final certificate, within the meaning of the agreement between the plaintiff and Orcutt, was right. By that agreement three certificates were called for, one before each payment. The certificate given was for the second payment. Although no certificate had been given for the first payment, the certificate for the second necessarily implied that the plaintiff was entitled to the first payment.[*] The plaintiff also contends that, since the contract provided for the second payment only "when all is completed," the certificate that he was entitled to that payment implied that all had been completed, and that no further certificate was necessary. But by the terms of the contract no certificate except the final one was to be conclusive evidence of the performance of the contract, either wholly or in part, against any claim of the owner. A final certificate was called for, which was to be in addition to the two earlier certificates.

---

[*] This certificate, which was dated April 16, 1892, and signed by the architect, was as follows: "This is to certify that Mr. Joseph R. Beharrell is entitled to five hundred dollars, being the second payment on the contract dated December 24th, '90, with Mr. E. R. Orcutt, for the erection of a dwelling-house at South Lowell, Mass."

2. In dealing with the question whether, upon the evidence, the plaintiff was entitled to recover the final payment, we will first consider whether he would be entitled to maintain an action for that payment against Orcutt himself. By the terms of the contract, Orcutt was entitled to a final certificate of the architect before making the final payment. The several payments were to be made, "provided that in each of the said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due, has been done to his satisfaction. . . . No certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, against any claim of the owner." The owner "hereby contracts to pay the same at the time, in the manner, and upon the conditions, above set forth." No later certificate was given than that for the second payment. The plaintiff therefore was not entitled to recover against Orcutt the final payment, unless some sufficient reason or excuse for not furnishing such a certificate was shown. What would amount to such sufficient reason or excuse has often been considered, both in England and in this country, as appears by the authorities cited for the plaintiff and for the defendant, to which may be added *Clarke* v. *Watson*, 18 C. B. (N. S.) 278; *Batterbury* v. *Vyse*, 2 H. & C. 42; *Nolan* v. *Whitney*, 88 N. Y. 648; *United States* v. *Robeson*, 9 Pet. 319, 327; Hudson's Law of Building Contracts, 265, 297–301. The plaintiff contends that there was evidence from which the court would have been amply justified in finding that the provision requiring a certificate, if it ever constituted a condition precedent, had been waived; and also that the evidence showed that the certificate had been wrongfully and fraudulently withheld. All that is open to us, on this part of the case, is to determine whether at the trial and upon the evidence introduced, that is, upon the auditor's report, the presiding justice was bound to find that there was a sufficient reason or excuse for not producing such a certificate. He found for the defendant; and his finding must stand unless we can say, upon the evidence, that it was wrong. There was evidence which certainly tended to show that the architect might well have given a final certificate; that he

changed his mind to some extent shortly after giving the certificate for the second payment; and that he wrongfully withheld it. There was also some evidence of circumstances tending more or less to show that Orcutt interfered to prevent the architect from giving the final certificate, and, if this latter proposition had been made out, the plaintiff clearly would have been relieved from the necessity of producing such a certificate. Whether such a result would follow from the mere wrongful refusal of the architect alone is a question upon which elsewhere there has been some difference of opinion. Hudson's Law of Building Contracts, 301. *Nolan* v. *Whitney*, 88 N. Y. 648. We need not now determine it. There was nothing to show that the plaintiff ever asked the architect to give a final certificate, or complained to Orcutt that the architect was acting unfairly. The report of the auditor upon this whole subject is rather vague and unsatisfactory, but it was accepted by the parties, and neither of them offered to produce further evidence, except that of the documents. The certificate for the second payment was dated April 16, 1892, but the auditor reports that it was given April 23, 1892. The action was begun on May 31, 1892. It is stated that at the hearing before the auditor the architect did not appear, and that it was admitted that he had been absent from Lowell in parts unknown for several months. We have no means of knowing the date of the hearing before the auditor. There is no averment or suggestion, and we cannot infer, that the architect went away before the commencement of the action. The auditor expressly finds that it was not alleged nor proved that the architect had fraudulently or capriciously withheld a final certificate; and although he reports some facts tending to show the contrary, yet they are not conclusive, and they do not enable us to say, as matter of law, that a sufficient reason or excuse for failing to produce a final certificate from the architect was made out. Nor were the payments which were made to be deemed, as matter of law, a waiver of a further certificate.

The plaintiff, however, contends that the defendant under his contract is not entitled to avail himself of this defence, although it might be open to Orcutt. This contention rests upon the language of the defendant's contract, reciting that " there is now due to Joseph R. Beharrell from Edward R. Orcutt a sum

of money under and by virtue of a certain written contract." The contract of the defendant was dated March 22, 1892, and at that time no certificate had been given by the architect, and the plaintiff contends that the recital above quoted shows that the parties did not contemplate the furnishing of an architect's certificate at that time. But the final payment under the contract with Orcutt was not to be made till thirty days after the completion of the work, and the earliest date named by the plaintiff as the time when the work had been completed was March 22, 1892. The recital that a sum of money was then due certainly could not have been intended to include the final payment. The defendant's promise was to pay " all sums of money now due and to become due to him under said contract according to the tenor thereof." As to sums to become due in the future, at least, this must mean a promise to pay according to the obligation that would be resting on Orcutt. What was actually done in making payments was this. On March 22 a first payment of five hundred dollars was made; on April 2 there was a further payment of four hundred and nine dollars; and on April 23 there was a further payment of five hundred dollars, the architect's certificate being furnished on said last named day. By whom these payments were made, whether by Orcutt or by the defendant, is not stated, but the plaintiff assumes that they were made by the defendant. If this were so, it still appears probable that the last payment was not made till the architect's certificate was furnished, and the plaintiff virtually admits that this was so. There is nothing sufficient to control the plain words of the defendant's promise, which was to pay the money to become due under the contract according to the tenor thereof. This obviously means that the defendant would pay such sums as became due from Orcutt, and at the time when they so became due. The final payment would not become due from Orcutt without a final certificate from the architect, unless some sufficient reason for failing to produce such certificate should be shown. The finding of the presiding justice was based on the ground, as we understand it, that the plaintiff's action was prematurely brought. This finding was warranted by the evidence. The result is that there must be, according to the terms of the report,

*Judgment for the defendant.*