here a long complaint of six typewritten pages which I had to read several times in an effort to understand it. It consists mainly of allegations of fact giving a history of the title, and of claims and disputes over the land in question for many years between various persons. Mitnacht v. Hawthorne, 31 Misc. Rep. 378, 64 N. Y. Supp. 493. At best such alleged facts are evidence which may be given at the trial, and it is an old and wise rule that the evidence should not be pleaded; but I am not even able to see that most of them will be competent evidence.

Irrelevant and redundant matter in a ·pleading may be struck out upon the motion of the party "aggrieved thereby." Code Civ. Proc. § 545. These allegations are irrelevant in the main, and are certainly redundant, i. e., superfluous, in excess of what is necessary, superabundant, as the definition of the word is. And the defendant is aggrieved by them, for he should not be required to plead to mere items of evidence, and it would be dangerous and difficult and in some instances, it may be, impossible for him to do so.

Also the trial judge should be protected from having such a pleading put before him. Pleading has almost become a lost art in this part of the state, and it seems very difficult to restore it. Schroeder v. Post, 3 App. Div. 411, 38 N. Y. Supp. 677. Perhaps some inadvertent observations of judges have helped to make it such, but they should not be conclusive with our educated bar.

The motion is granted; and the plaintiff may serve an amended complaint if he so elect.

---

(37 Misc. Rep. 314.)

### HAPPEL v. MARASCO et al.

(Supreme Court, Special Term, New York County. February, 1902.)

1. BUILDING CONTRACT—ARCHITECT'S CERTIFICATE.
The absence of an architect's certificate will not prevent the contractors who have made a substantial performance of a building contract from recovering the price thereof, where no reason appears why the architect should have refused to give it.

2. SAME—DELAY IN COMPLETION.
Where a building contract contained no time limit, a delay of about three weeks caused by a strike does not prevent recovery on the contract.

3. SAME—WAIVER OF DELAY.
Where a building contract gave the owner, in case of unreasonable delay, the right either to complete the work or to terminate the contract, a delay of three weeks because of a strike will not prevent recovery on the contract, where the owner took no steps at the time.

Action by Adam Happel against Rococo M. Marasco and others. Judgment for plaintiff.

Phillips & Avery (Frank M. Avery, of counsel), for plaintiff.
George F. Duysters, for defendants.

BLANCHARD, J. The impression entertained by me at the close of the trial of this case as to its proper disposition has not been changed by a consideration of defendants' brief. The absence of an architect's certificate does not warrant the court in depriving the plaintiff

of payment for his work. The architect, by the terms of the contract, was the agent of the defendants; and I am satisfied that the plaintiff's work was substantially completed, within the contemplation of the contract. Payments were made from time to time without the certificate of the architect, and the evidence discloses no reason why the certificate should not have been furnished. The absence of a certificate of the architect, under the circumstances, does not deprive the plaintiff of the relief to which he would otherwise be entitled. Mac-Knight Flintic Stone Co. v. City of New York, 160 N. Y. 72, 54 N. E. 661; Thomas v. Stewart, 132 N. Y. 580, 30 N. E. 577; Flaherty v. Miner, 123 N. Y. 382, 25 N. E. 418; Smith v. Alker, 102 N. Y. 87, 5 N. E. 791. Another point which is seriously urged by defendants against plaintiff's right to recover is the suspension of work for 20 days which was caused by a strike of plaintiff's workmen. The conflict of evidence on this point, in my view, need not be decided. No time limit is fixed in the contract for the completion of the work, and in the absence of such a provision its completion within a reasonable time will suffice. It does not appear to me that the delay in this case can be held to have been unreasonable. I do not think that the contract required constant and unintermittent work on the part of the plaintiff, where there was a good reason for its suspension. Besides, the contract itself afforded relief to defendants, if they considered plaintiff's delay unreasonable and improper. They had the option of putting men to work, and of supplying material, deducting the expense thereof from the contract price, or of terminating the contract. They exercised neither of these options, and permitted plaintiff to complete his contract requirements. It would be inequitable, under these circumstances, to deny plaintiff the relief sought. Plaintiff should have judgment, with costs, and 5 per cent. allowance.

Judgment for plaintiff, with costs.