Robert Hart *et al.*

*v.*

The Carsley Manufacturing Company.

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

Building contracts—*contractor who fails to obtain architect's certificate cannot recover on common counts.* Where the contractor in a building contract has not obtained the architect's certificate showing the amount due, as required by the contract, a recovery cannot be had upon the common counts but only on the contract, under a declaration setting up the contract, averring performance as to furnishing material and doing the work and stating the reason why the certificate has not been obtained. (Contrary expressions in *Foster* v. *McKeown,* 192 Ill. 339, overruled.)

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment for $7499.36 rendered by the circuit court of Cook county against the appellants and in favor of appellee.

On June 29, 1901, appellants entered into a written contract with the appellee, by which the latter agreed to furnish certain material for and install and finish certain work in and upon seven residences which appellants were building upon their property at the north-east corner of Grand boulevard and Fiftieth street, in the city of Chicago. The materials were to be furnished and the work performed under the direction and to the satisfaction of an architect named in the contract. The entire contract price was twenty-two thousand seven hundred and fifteen dollars ($22,715.) Appellee was to receive a portion of the contract price as the work progressed and the balance within thirty days after the work was completed. No payments were to be made

except upon written certificate of the architect to the effect that the payment was due, and the contract expressly provides, "such certificates shall be a condition precedent to the right to require payment."

Appellee furnished the material and completed the work in accordance with the contract, as it contends, but was unable to obtain the architect's final certificate, for the reason, as it charges, that the architect fraudulently combined with appellants to defeat the claims of appellee by refusing to make the final certificate; while the case was defended upon the theory that the contract had not been complied with so far as doing the work and furnishing the material was concerned, and the certificate was therefore properly withheld. The declaration consisted of the common counts and one special count. The special count was so drawn that the contract was not admissible thereunder, but the contract was admitted under the common counts, and a verdict for plaintiff followed.

At the close of the evidence appellants moved the court to direct a verdict in their favor. This motion was denied, and the jury, in addition to the general verdict, returned special findings of fact in answer to questions submitted to them at the request of appellants, to the effect that the architect's final certificate was withheld through fraud and collusion with the defendants, and not as a result of the honest exercise of the judgment of the architect.

JULIUS & LESSING ROSENTHAL, for appellants.

PIERSON, PEASE & DEYOUNG, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a building contract. By its terms the right to recover was dependent upon the builder obtaining the certificate of the architect showing the amount due. This appellee was unable to do. Under these circumstances the builder

was permitted to recover upon the common counts. In this we think there was error. In such case recovery should only be had on the contract, upon a declaration setting up the contract, averring performance as to furnishing the material and performing the work, and stating the reason for the builder's failure to satisfy the condition precedent and comply with the terms of the contract by furnishing the architect's certificate.

The true rule is this: "Though an excuse for not performing a condition is for some purposes equivalent to performance, yet it is not the same thing, and therefore in pleading, performance must never be averred by a party who relies upon an excuse for not performing, but he must state his excuse." Coke on Littleton, 304; Langdell on Contracts, sec. 175; 1 Chitty's Pl. (14th Am. ed.) 340; *Coult* v. *Miller,* 10 Cush. 49; *Palmer* v. *Sawyer,* 114 Mass. 1; *Speake* v. *Shepard,* 6 Har. & John. 81; *Michaelis* v. *Wolf,* 136 Ill. 68; *Parmly* v. *Farrar,* 169 id. 606; *City of Peoria* v. *Fruin-Bambrick Construction Co.* id. 36.

We regard the case last cited as in point. That was on a paving contract which provided that the work was to be done under the supervision of the city engineer, and was to be accepted, after completion, by the commissioner of public works before the contractor was entitled to payment or to maintain a suit. The action was commenced without the work having been so accepted, the theory of the plaintiff being, that the captiousness and fraudulent conduct of the city engineer and the commissioner of public works prevented the acceptance of the work. The declaration consisted only of the common counts. A recovery was had in the court below, but the judgment was reversed by this court, and we there said (p. 39) : "The declaration gives the city no notice of any such a charge of fraud or misconduct as a ground for not performing the conditions of the contract, yet there can be no doubt that the question of the misconduct of the city engineer and the commissioner of public works is

the decisive one in this case. We think there is abundant authority for the rule that when work is done under a contract, as was the case here, the plaintiff can only recover therefor when he has fully or substantially performed the conditions precedent to his right of recovery as stated in the contract, or else averred and proved a sufficient excuse for his non-compliance with its conditions. (*Michaelis* v. *Wolf,* 136 Ill. 68; *Barney* v. *Giles,* 120 id. 154.) The necessary averment is lacking, and the court committed error in permitting testimony to go to the jury for the purpose of impeaching the good faith of the city engineer and the commissioner of public works, and also in refusing the·instruction offered by the city, on the theory that under the pleadings of this case plaintiff could only recover upon a complete performance of the contract on his part." In *Michaelis* v. *Wolf, supra,* the following language was used by the court: "Such compliance with the conditions precedent, or excuse for non-compliance, must be averred in the pleadings and established by the evidence."

The only case differing from the authorities to which we have above referred, to which our attention has been called, is that of *Foster* v. *McKeown,* 192 Ill. 339. The opinion in that case is based upon the theory that the parties had waived the condition of the contract by which the architect's certificate was necessary to the right of recovery, and that, the contract having been modified in that manner, the condition precedent was no longer a part thereof. That case is so distinguished from the one at bar. The precise effect of that distinction we do not now determine. In any event, however, the language found in *Foster* v. *McKeown,* which indicates that a building contract should be excepted from the rule of pleading which we have above quoted, is not in accordance with the general current of authority, and we have reached the conclusion that there is no reason why there should be any variance from that rule in pleading a contract of the character of the one under consideration.

Complaint is made of the second instruction given at the request of appellee. That instruction was inaccurate in one respect. Whether a reversal of the judgment would thereby be necessitated if the record were otherwise free from error is now immaterial.

The judgments of the circuit and Appellate Courts will be reversed, and the cause will be remanded to the circuit court for further proceedings consistent with the views herein expressed.    *Reversed and remanded.*