## BUSH v. JONES.

(Circuit Court of Appeals, Third Circuit.   May 3, 1906.)

### No. 40.

1. CONTRACTS—BUILDING CONTRACT—WARRANTY.

A clause in the specifications for the foundation of a building, drawn by the architect and made a part of the contract, "the whole to be made perfectly water-tight and guarantied," did not constitute a guaranty by the contractor that the cellar should be water-tight, where the specifications prescribed in detail the manner of construction and the materials to be used, but was a guaranty only of his compliance with the specifications, and of the effectiveness of his work in matters about which he had a discretion.

2. SAME—PROVISION REQUIRING ARCHITECT'S CERTIFICATE—EVIDENCE TO DISPENSE WITH CERTIFICATE.

A provision in a building contract that the work shall be paid for "only on the certificates of the architect," the final payment to be made within 30 days after its completion, and all payments to be due when certificates for them are issued, is valid and binding on the parties, and to entitle the contractor to recover the final payment it is incumbent on him to produce the architect's certificate that the work has been properly completed, or to allege and prove that it was either capriciously or fraudulently withheld, which is a question to be determined by the jury. Evidence that the work was completed in substantial compliance with the contract is an essential element of such proof, but is not alone sufficient, since it would substitute the judgment of the jury for that of the architect, and, in effect, nullify such provision of the contract.

3. SAME—SUBSTANTIAL PERFORMANCE.

The rule that a substantial performance of a building contract is shown, if the work was complete except as to unimportant particulars, which a reasonable allowance would enable the owner to supply and remedy, is only intended to cover the inconsiderable details of construction, which do not enter into the substance of the contract, and cannot properly be extended to a material part of the work.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Alexander Simpson, Jr., and J. Claude Bedford, for plaintiff in error.

John Kent Kane and Charles S. Wesley, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

ARCHBALD, District Judge.   This was an action in the court below for $3,065, the final payment upon a contract for the construction of a building, together with a bill of some $40 extras.   The verdict was in favor of the contractors for $2,500, a material reduction, particularly if interest be counted; the jury necessarily finding, however, under the instructions of the court, that the contract was substantially, if not completely, performed.   The chief subject of controversy was the condition of the cellar, which admittedly leaked badly, and that in the face of an apparent guaranty that it should not.   The contractors also failed to produce at the trial a certificate of completion from the architect, as required by the contract.   On both of

these grounds it was contended that the plaintiffs were not entitled to recover, and these are the questions to be disposed of here.

According to the specifications upon which the contract for the building was let, it was provided with regard to the concrete work and waterproofing of the cellar:

"The foundation shall be of broken stone (not slag) concrete made up as follows: 5 parts of broken stone, 2 parts Portland Cement, and 1 part of clean sharp screened gravel or bar sand; * * * all stone for concrete to be of approved quality. The outside of all foundation walls to be dashed with cement and sand, 1 part to 2 on the outside, and brought to a smooth surface, and the whole outside of the foundations, up to grade, to be coated with a thick coat of asphaltum pitch, put on with a 'mop.' At a level indicated on the detail, there shall be a three-ply layer of felt, mopped with pitch, and extending 1′ 0″ on each side of the wall. This shall be turned up on the outside, and carefully joined with the 'mop' coat of asphalt, until perfectly water-tight. On the side next the party line on the west the foundation shall be divided by a one inch board from the bottom to a level of 1′ 0″ above the cellar bottom of the adjoining property; this board to be removed as the wall is built. The slot so formed is to be grouted in with asphaltum, thoroughly water-tight. The outside dashing or mopping will not occur on this wall. The layer of felt must occur on all other walls or piers, whether interior or exterior. The cellar wall shall be 10″ thick in all, the first 3″ to be of concrete, smoothly dressed for the reception of asphaltum; then one inch of asphaltum perfectly joined with the felt layers above mentioned; then 5″ of stone concrete; then one inch on top. The whole to be made perfectly water-tight and guaranteed."

It is claimed that the contractors by virtue of the last provision were bound at all hazards to make a water-tight job; that being, in terms, what they had not only undertaken but guarantied to do. But to this we cannot accede. The guaranty was not absolute, but qualified. It extended to their own work only, and only so far as this was involved, to the result. The specifications, which were the work of the architect, and for which they could not be expected to assume responsibility, directed how the work should be done, and by this they were controlled. So far as this was calculated to make a water-tight cellar, they unquestionably guarantied that it would be such. But that is all. It was not as though they were left to their own judgment; that which they were to do, as appears above, being specified in detail. No doubt, if there was any margin of discretion—as, for instance, with regard to the thickness of the mop coat of asphalt on the outside of the foundations; or in the manner of turning and joining the felt therewith "until perfectly water-tight," as it is said; or in grouting in "thoroughly" with asphalt the slot left for the purpose in the divided wall on the west line—it would come within their guaranty to see that these things were effectively done; and if the wall would be water-tight or otherwise, according as they were or were not, they would be correspondingly liable; but outside of this, not. The owner having assumed to say by the specifications what was to be done, the contractors were relieved so far as they complied therewith. They guarantied, not the sufficiency of this to produce the desired result, but merely the effectiveness of what they themselves did under it. McKnight Flintic Stone Co. v. Mayor, 160 N. Y. 72, 54 N. E. 661; Filbert v. Philadelphia, 181 Pa. 545, 37 Atl. 545; Harlow v. Homestead Borough, 194 Pa. 57, 45 Atl. 87. It may

be that the court did not explain as fully as it ought the bearing of the guaranty; but, with this exception, there was no error committed with regard to it. Binding instructions on the strength of it could not, in our judgment, have been given, and the assignments of error based upon the refusal to do so must be overruled.

The other point raised is more serious. It was provided in the contract that the work should be paid for "only upon the certificates of the architect," the final payment to be made within 30 days after its completion, and all payments to be due when certificates for them were issued. As already observed, the contractors produced at the trial no certificate of completion, the evidence being that it had been demanded and refused; reliance being placed, in its absence, upon the showing made that the contract had been substantially complied with. The defendants, in view of this, specifically requested the court to charge that there could be no recovery if there was a failure to secure from the architects a certificate that the work was completed. This was refused, and the question reserved; the jury, instead, being instructed as follows:

"It is said, also, that the plaintiffs did not comply with the contract in another important particular; that is to say, that they did not secure from the architect a final certificate of the completion of the work and the amount that was due. You have heard some slight testimony upon that subject, which shows that the architect refused the final certificate upon being asked for it; and, as I understand, he refused because the owner of the building was not satisfied. I intend to reserve the question as to the importance of the architect's certificate in this case, and therefore I do not think that you need trouble yourselves any further about it."

As the result of this, the jury were allowed to find, as they did, in favor of the contractors, without the production of a certificate, and without any instructions as to its necessity or what would be sufficient to dispense with it; and by the subsequent entry of judgment on the verdict in favor of the plaintiffs, and the refusal of judgment non obstante on the reserved point, which was moved for, the court, in effect, held that, as a matter of law, under the circumstances, the production of a certificate was not a prerequisite to a recovery, and that the refusal of it did not have to be accounted for.

The law upon the subject of architects' certificates is well settled. It is perfectly legitimate to provide in a building or working contract that payment of the several installments of the contract price shall only be made upon certificates or estimates by the architect or engineer in charge as to the extent and value of the work done or materials furnished, and that final payment shall not be demandable without a certificate of completion. These are familiar provisions, universally recognized, and will be enforced. 30 Am. & Eng. Encycl. Law (2d Ed.) 1237. Equally well recognized, however, is it that the production of such a certificate as a condition precedent to a recovery is not necessary where it is capriciously or arbitrarily withheld. But where this is alleged it is incumbent on the contractor, in order to bring himself within the exception, if he does not produce a certificate, to show why he cannot, and until he successfully does so he has not made out a case. This is sustained by the highest authori-

ties, to some of which it may not be without profit to refer. Thus in Martinsburg & Potomac R. R. v. March, 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. Ed. 255, the final payment was not to be due until 30 days after a certificate from the engineer that the contract had been complied with, and in a suit by the contractor it was held that the declaration was demurrable, there being no certificate, nor any facts stated which entitled him to sue in the absence of one. This ruling is in line with previous decisions of the same court in Kihlberg v. United States, 97 U. S. 398, 24 L. Ed. 1106, and Sweeney v. United States, 109 U. S. 618, 3 Sup. Ct. 344, 27 L. Ed. 1053; and is cited with approval in Hamilton v. Insurance Co., 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419; Chicago & Santa Fé R. R. v. Price, 138 U. S. 185, 11 Sup. Ct. 290, 34 L. Ed. 917, and United States v. Gleason, 175 U. S. 588, 20 Sup. Ct. 228, 44 L. Ed. 284; and it must therefore be regarded as the settled law of the federal courts. So in Pittsburg Lumber Co. v. Sharp, 190 Pa. 256, 42 Atl. 685, which was also a suit on a building contract, in which it was provided that payments were to be made only on certificate of the architect, the plaintiff was not able to produce such certificate, and it was held that the burden was upon him, in default of it, to show by proper evidence that which would excuse or dispense with it. This he proceeded to do by evidence that he had done the work in all particulars as called for by the contract, and that he had made frequent requests of the architect for the final certificate, which he neglected and refused to give, and by collusion with the defendant wrongfully withheld; and, the question having been submitted to the jury with appropriate instructions, a recovery by the plaintiff was sustained. In Ashley v. Henahan, 56 Ohio St. 559, 47 N. E. 573, where payment, as here, was to be made from time to time on estimates of the architect, and final payment, a certain time after the contract was completed, on certificate from the architect that the work had been done to his satisfaction, it was held that without a certificate or a waiver of it by the owner no recovery could be had. "Had the plaintiff shown," says Minshall, J., "that he had made application to the architect for the requisite certificate, and that he had obstinately and unreasonably refused to certify, he might then have established his case by other evidence." Pursuing this thought, it is further said that, upon an averment, supported by evidence, that the architect had fraudulently or unreasonably refused his certificate, the contractor might recover by showing a substantial performance of the work as required by the contract; but that in the absence of such a showing against the architect a recovery could not be had without a certificate. In National Contracting Co. v. Commonwealth, 183 Mass. 89, 66 N. E. 639, everything was to be done in the manner and according to the plans and specifications and the requirements of the engineer under them; with regard to which it was declared that the contractor was bound to allege that he had performed his part of the contract according to such requirements, or to set forth facts excusing him therefrom, and that in the absence of these the complaint was demurrable. In Michaelis v. Wolf, 136 Ill. 68, 26 N. E. 384, it is said by Baker, J.:

"Where in a building contract provision is made for the payment of the price or a portion or portions of such price upon the certificate or certificates of the architect in charge of. the construction of the building, the obtaining or presentation of such certificate or certificates is a condition precedent to the right to require payment, and such condition must be strictly complied with, or else a good and sufficient excuse shown for not complying therewith."

And he adds that compliance or excuse for noncompliance must be averred in the pleadings and established by proof. Fowler v. Deakman, 84 Ill. 130, is an instructive case as to what is sufficient evidence to dispense with the production of a certificate. The work there was to be done to the satisfaction of the architect, who was to be the superintendent, and he was made the umpire or arbitrator to settle all disputes, his decision being conclusive and binding. It was recognized that, this being the agreement of the parties, they were governed by it, and that a certificate was necessary unless the architect acted in bad faith, refused to act, became incapacitated, or was prevented by some unforeseen accident or uncontrollable cause. But it was shown that, after having been frequently called upon to give a final certificate, and after striking out some of the items of extra work, the architect, after delaying for about a year, declined to do anything further to adjust the differences between the parties, and it was held that, upon proof of this, the contractor was absolved from any further effort to procure a certificate, and entitled to recover without it. So in Bradner v. Roffsell, 57 N. J. Law, 32, 29 Atl. 317, where the fraudulent withholding of a certificate by the architect was in issue, such fraud, as it is held, may be proved by showing, as was there done, that the building had been completed in strict accordance with the contract, and that the architect had expressed his satisfaction with it, and had stated that the contractor was entitled to a certificate, followed by proof of a subsequent refusal of it. This does not substitute the opinion of the jury for the judgment of the architect, as the court is careful to declare, but simply shows that the expression of satisfaction by the architect was justified. Nor, if there was a substantial defect in the work, could the withholding of the certificate, as it is said, be regarded as fraudulent. But without multiplying citations, the same doctrine will be found expressed with equal vigor in Beharrell v. Quimby, 162 Mass. 571, 39 N. E. 407; Foster v. McKeown, 192 Ill. 339, 61 N. E. 514; Hudson v. McCartney, 33 Wis. 331; Coorsen v. Ziehl, 103 Wis. 381, 79 N. W. 562; Johnson v. Howard, 20 Minn. 370 (Gil. 322); Guthat v. Gow, 95 Mich. 527, 55 N. W. 442; McNamara v. Harrison, 81 Iowa, 486, 46 N. W. 976; and a host of others. There may be cases where the rule is relaxed, as in Happel v. Marasco (Sup.) 75 N. Y. Supp. 461; McKnight Flintic Stone Co. v. Mayor, 160 N. Y. 72. 54 N. E. 661, and Bird v. Saint Joseph's Church, 154 Ind. 138, 56 N. E. 129; and where mere proof of a substantial compliance with the contract, the same as is contended for here, is held to cast upon the owner the burden of proving why the certificate is withheld, and that negatively it is not arbitrarily or unreasonably done. But this, as we have shown above, is not in accord with the weight of authority, and does not on principle meet with our approval. Neither can we agree with the

opinion expressed in Crane Elevator Co. v. Clark, 80 Fed. 705, 26 C. C. A. 100, that it is the trend of the later, if not of the earlier, cases. It is needless to add that there is nothing which lends countenance to it in City of Elizabeth v. Fitzgerald, 114 Fed. 547, 52 C. C. A. 321, decided by this court. It is true that there was little in that case to call in question the refusal of a certificate, beyond proof that the contract had been complied with; but no point seems to have been made of that; and, such as it was, the evidence was submitted to the jury, who were instructed that production of a certificate was essential unless it was unreasonably refused; and, it having been specifically found by them that this was the case, the right of the plaintiff to recover was established.

The conclusion to which this discussion leads is clear. Completion to the satisfaction and according to the trained professional judgment of the architect, who drew the plans and specifications, and is able to speak from a direct supervision over and inspection of the work as it progresses, and completion according to the opinion of the jury, under the imperfect conditions of a trial and the inability to produce things as they actually are, are two different and distinct propositions; and the owner, who has stipulated for the one, is not to be put off with the other, where everything is honestly and fairly done. Whether this is true, or whether the architect in withholding his approval acts capriciously or fraudulently, where there is evidence to sustain this charge, has necessarily to be submitted to the jury, and proof of a substantial compliance with the contract enters into this as an essential step. But to hold that, upon such proof, without more, the necessity for the production of a certificate is dispensed with, or is to be regarded as unreasonably withheld, and that, not as a fact, with others, for the consideration of the jury, but as a matter of law for the court, not only loses sight of the distinction which we have referred to, but makes the provision with regard to the architect's certificate useless and meaningless, for it puts a contract where it appears on a level with one where it does not; the contractor in the former being permitted to recover upon showing that he has substantially complied with it, and in the latter being required to prove no less The jury in the present instance should therefore have been instructed that the production of a certificate was essential to a recovery, and that the want of it could not be dispensed with, unless it was established to their satisfaction that it had been unreasonably withheld. Bearing upon this, as already stated, was the evidence of a substantial completion of the work; but it should not have stopped there. Compliance with the contract was seriously questioned, and the material reduction made by the jury from the amount of the plaintiffs' claim shows that at least some things were lacking. Admittedly, there was a leaky and imperfectly waterproofed cellar, and whatever may be said of the guaranty that it should be water-tight, there was in this an apparent defect, sufficient to justify the architect in refusing to approve until it had been remedied. Had the jury, therefore, been instructed as to the necessity for his approval, and what was requisite to overcome the want of it, they might well have hes-

itated, under the circumstances, to hold as they were required, in order to find for the plaintiffs, that his refusal was arbitrary. In any view, the question was for them, and, not having been submitted to them nor passed upon by them, the verdict is without a proper finding to support it, and cannot be sustained.

As the case is to go back, we are moved to the further observation that the jury in our judgment were allowed too great latitude with regard to what constitutes a substantial compliance; being told that it was sufficient if the work was complete except as to certain unimportant particulars, which a reasonable allowance would enable the owner to supply and remedy. No doubt this is a correct statement of the general rule, but the objection is to its application here. It is only intended to cover the inconsiderable details of construction, which do not enter into the substance of the contract, and the omission of which does not detract from the full benefit and enjoyment of it. It cannot properly be extended to a material part of the work, such, for instance, as the waterproofing of the cellar, which was considered of sufficient importance here to be covered by a guaranty, however qualified. The failure of the contractors to meet this requirement was the issue on which the case mainly turned, and the jury were allowed by the instruction in question to find for the plaintiffs if they were of the opinion that compensation could be made by a deduction from the price for the defects which existed. But the waterproofing of the cellar either was or was not completed in accordance with the contract, and, if it was not, it was manifestly too important to permit a recovery by making an allowance. It may be that, standing alone, we would not reverse upon this account, but as it is we do not feel like giving it our apparent sanction, or leaving in any uncertainty just what, in a case of this kind, is necessary to make out a substantial compliance.

Judgment reversed, and a venire facias de novo awarded.