## W. D. Boyce v. Expanded Metal Fire Proofing Company.

### Gen. No. 13,262.

1.  ARCHITECT'S CERTIFICATE—*when waived as condition precedent to recovery.*  The presentation of an architect's certificate as a condition precedent to payment is waived where it appears that during the progress of the work the architect left the State, severed his connection with the owner, and the owner paid without regard to the presentation of such certificates.

2.  COMMON COUNTS—*when recovery can be had under.*  Recovery may be had under the common counts where it appears that the contract made the basis of the action was fully performed and nothing remained to be done but to pay the money due thereunder.

3.  INSTRUCTION—*when does not proceed upon theory of account stated.*  The following instruction does not proceed upon the theory of an account stated, but is upon the hypothesis of an express promise to pay:

"If you believe from the evidence in this case that shortly after the first of January, 1903, W. W. Ramsey, the president of the plaintiff, presented to William D. Boyce, the defendant, an account of the extra material which said Ramsey claimed that the plaintiff had furnished for said defendant's mill building and that the de-

fendant, William D. Boyce, made no objection thereto and promised to pay the same, then you are instructed that the plaintiff is entitled to recover the amount stated in said bill for extras."

4. INSTRUCTION—*when upon performance of contract not erroneous.* An instruction as follows, is not erroneous in leaving to the caprice of the jury to say what are technical, inadvertent and unimportant omissions:

"You are instructed that if you believe from the evidence that the plaintiff and defendant entered into a contract offered in evidence in this case, and that there has been no material departure from the terms of the contract and plans, or omissions in essential points, and that the plaintiff has honestly and faithfully performed the contract in all its material and substantial particulars, then the plaintiff will not be held to have forfeited its right to remuneration by reason of mere technical, inadvertent and unimportant omissions or defects."

Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed October 4, 1907.

## Statement by the Court.

This is an appeal from a judgment in an action of assumpsit brought by the Expanded Metal Fireproofing Company against W. D. Boyce in the Circuit Court, to recover for work and labor performed and materials furnished by the plaintiff to the defendant in and about the construction of certain expanded metal and concrete floors and roofs for the paper mill built by Boyce at Marseilles, Illinois, in 1902, and for the use and hire of an engine and mixer.

The plaintiff's declaration consists of the common counts. The defendant pleaded the general issue.

On the trial the jury found the issues for the plaintiff and assessed the plaintiff's damages at $4,418.75. The jury also returned special findings to the effect that the work was done in a good workmanlike manner, and that the materials used were in accordance with the provisions of the contract. The plaintiff remitted the sum of $111.27, and judgment was entered for $4,317.48.

EDDY, HALEY & WETTEN, for appellant; P. C. HALEY, of counsel.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

By the written contract entered into on June 18, 1902, between appellant and appellee, the latter was to place in the machine room and beater room of appellant's mill building an expanded metal and concrete floor to carry a load of 250 pounds per square foot, the floor to have a finished surface of sand and cement one and one quarter inches thick, trowelled to a smooth surface and graded to gutters as shown on plans. The roof of the beater room and machine building as shown by the plans was to be composed of cinder concrete, and to be four inches thick and broomed with stand and cement ready for tar and gravel roof. The cinder concrete was to be one part cement, two parts sand and five parts cinders. The floors of the building were to be composed of one part cement, two parts sand and five parts gravel. The top dressing was to be composed of one part cement and two parts sand. All beams and girders in the building were to be covered with concrete, and soffits were to be lathed with metal lath and left ready to plaster. The drawings and specifications referred to are made a part of the contract.

The work provided for in the contract was to be completed within thirty days after the roof iron was put in place in the machine room. Appellant agreed to pay for the work and materials the sum of $8,600.

It is urged as a ground of reversal that it is a well-settled rule in this jurisdiction in order to recover under the common counts upon a special contract the plaintiff must have fully performed the contract on his part, and unless upon the trial such appears to be the fact a recovery cannot be had; and that the evidence on the part of appellee fails to show performance on its part.

The ground of this contention was laid in the record by an objection by appellant to the contract when it was offered in evidence by appellee; and also by a motion on the part

of appellant to exclude the contract, architect's certificate and all the evidence offered in behalf of appellee, except that portion relative to the rental value of the engine of appellee used by appellant.

Under the evidence relating to the manner of securing the certificate of Ambursen, the architect, the certificate was properly excluded by the court. This left appellee's case to rest entirely upon the evidence offered by appellee tending to show that it had substantially performed its part of the contract, and that Ambursen, the architect, had been discharged by appellant before the work was commenced under the contract, and had nothing whatever to do with the work during its progress.

By the terms of the contract appellee was bound to procure the certificate of the architect to the performance of the work as provided in the contract, and the amount due to it, or show a good excuse for not procuring it, before it could recover under the common counts. This was the evidence of completion and of the amount due agreed upon by the parties, and was a substantial provision of the contract.

It is insisted by appellee that the evidence shows that the architect's certificate was waived by the parties, and that after the certificate was excluded as evidence, appellee's case was allowed to go to the jury, and a recovery under the common counts was allowed by the trial court upon that theory.

In our opinion this contention of appellee is sustained by the evidence and the law. The evidence shows without controversy that the architect named in the contract had been discharged, as above stated, before the work under the contract between the parties was commenced. The architect named did not direct the work or have anything to do with it. He went to Watertown, New York, when his connection with appellant was severed, and remained there during all the time the work was in progress. Appellant made several payments to appellee as the work progressed, without requiring any architect's certificate. These facts with others shown by the record were sufficient evidence to warrant

the jury in finding that the provisions of the contract regarding the payments on architect's certificates and the procuring of the certificates by appellee were waived by the parties who participated in acts done in disregard of those provisions. Upon this evidence a recovery can be had under the common counts, without an averment in the declaration of the waiver, if the evidence also shows that the contract was performed and nothing remained to be done but to pay the amount due. Evans v. Howell, 211 Ill., 85, 92, and cases there cited. See also C. & E. I. R. R. Co. v. Moran, 187 Ill., 316; German Fire Ins. Co. v. Grunert, 112 *id.,* 68; Continental Life Ins. Co. v. Rogers, 119 *id.,* 474; City of Elgin v. Joslyn, 36 Ill. App., 301. A provision of a contract once waived is no longer a part of the contract. It is gone forever. It is therefore unnecessary to perform it, or aver it, or prove it. Continental Life Ins. Co. v. Rogers, *supra.*

We do not find anything said in Hart v. Carsley Mfg. Co., 221 Ill., 444, which conflicts with or overrules the above cases. In that case it is held that an excuse for nonperformance, and performance, are quite different things; and an averment of performance gives no notice of an excuse for not performing, and is therefore not good pleading where an excuse for not performing is relied upon.

Appellant assigns error upon the giving of the following instruction at the request ᵜ .  ˡlee:

"If you believe from the ɛ     ǝ in this case that shortly after the first of January, 1!     V. W. Ramsey, the president of the plaintiff, presente⟨     William D. Boyce, the defendant, an account of the ext:     terials which said Ramsey claimed that the plaintiff had     ished for said defendant's mill building and that the     lant, William D. Boyce, made no objection thereto and ,     ised to pay the same, then you are instructed that the pla᛬     ⁚ is entitled to recover the amount stated in said bill for e     ."

One objection made to thi     struction is that it proceeds upon the theory of an acⲥ     ⸱t stated. This, we think,

is a misapprehension of the instruction. The instruction proceeds upon an express promise to pay.

Another objection urged to the instruction is that at the time appellant agreed to pay the bill he did not know that the roof sagged, or of the cracks in the floors. This objection is not relevant because the instruction relates to the extra work done which had no connection with the roofs or floors.

The court gave to the jury, at the instance of appellee, the following instruction:

"You are instructed that if you believe from the evidence that the plaintiff and defendant entered into a contract offered in evidence in this case, and that there has been no material departure from the terms of the contract and plans, or omissions in essential points, and that the plaintiff has honestly and faithfully performed the contract in all its material and substantial particulars, then the plaintiff will not be held to have forfeited its right to remuneration by reason of mere technical, inadvertent and unimportant omissions or defects."

Complaint is made of this instruction on the ground, among others, that it leaves to the mere caprice of the jury to say what are technical, inadvertent and unimportant omissions; and that it conflicts with the rule laid down in Keeler v. Herr, 157 Ill., 57.

It is to be observed that this instruction does not say anything as to the amount the plaintiff was to recover. The jury were not told by the instruction that upon an honest and faithful performance of the contract in all its material and substantial particulars the plaintiff was entitled to recover the contract price as in the condemned instruction in Keeler v. Herr, *supra.*

The other objection to the instruction pointed out in that case, namely, that it submitted to the jury "the question of performance without any construction of the contract by the court," is met, we think, by the instructions given at the request of appellant and appellee, which construed the con-

tract and informed the jury what was meant by substantial performance. The jury were also told that they were to consider the instructions of the court as one entire series of instructions. In view of all the instructions given, we are of the opinion that the claim that the jury were misled by the instruction under consideration is not well founded, and that the giving of the instruction was not reversible error.

Under the authorities cited above we do not think the court erred in permitting appellee to prove by oral evidence the completion of the contract between appellant and appellee.

· It is contended by appellant that the verdict of the jury is manifestly against the weight of the evidence and contrary to the instructions of the court, and was the result of ignorance, passion or prejudice.

We have examined the many essential particulars in which it is claimed by appellant that appellee failed to perform the contract, and the evidence offered by both parties bearing upon those questions. The mere statement of the particulars named, and the briefest possible review of the evidence, would necessarily be very long, and we will not attempt it. Appellant claims that the floors and roofs sagged and that this was caused by imperfect, irregular and unworkmanlike construction; that the roofs and floors cracked and were made of bad materials and not properly finished; that the materials were not mixed in proper proportions; that the beams and girders were not covered by concrete as provided in the contract, and that the work was not completed within the time specified.

The evidence offered by the parties on these points conflicted sharply and cannot be reconciled. The questions involved and the credibility of the witnesses were for the jury to determine. The attention of the jury was directed to the points in controversy by instructions to answer special interrogatories and returned answers thereto with their general verdict. Upon a review of the evidence we cannot say that the verdict is manifestly against the weight of the evi-

dence. The verdict, and the special findings as well, show that the jury considered that there had been a full compliance with the contract on the part of appellee. In our opinion the verdict and judgment should not be disturbed on the merits of the case.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*