GILBO & SWARTZ *v.* ANNA S. MERRILL'S ESTATE.

Special Term at Rutland, November, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, JJ.

Opinion filed May 17, 1918.

*Contracts—Construction—Guaranty of Efficiency of Machinery —Findings of Fact—Exceptions—When Not Sustained.*

A guaranty of efficiency in a contract for the installation of a windmill and water system according to certain specifications, is no more than a guaranty of such efficiency as the work properly carried out in accordance with the specifications would afford.

An exception to a finding of fact which there is some evidence to support, will not be sustained.

APPEAL from the disallowance of plaintiffs' claim by commissioners on the defendant estate. Plea, the general issue. Trial by court at the September Term, 1915, Chittenden County, *Miles, J.,* presiding. Judgment, on facts found by the court, for defendant. Plaintiffs excepted. The opinion states the case.

*Max L. Powell* for plaintiffs.

*V. A. Bullard* and *Sherman R. Moulton* for defendant.

HASELTON, J.   This is an appeal to the county court from the disallowance by the commissioners on the estate of Anna S. Merrill of the plaintiffs' claim. In county court the case was tried on a declaration in assumpsit in the common counts. The

plea was the general issue. The trial was by the court, and on findings made judgment was rendered for the defendant. The plaintiffs bring a bill of exceptions.

The plaintiffs are successors to Gilbo & Tobin, who contracted with Anna S. Merrill and her husband, James A. Merrill, to install on the Merrill farm in Addison, on the shore of Lake Champlain, a water system comprising a windmill, a tank and tank house, a pipe leading from the lake to the windmill, a pipe leading from the windmill to the tank, and other pipes. Gilbo & Tobin and Gilbo & Swartz, who have been treated throughout as standing in the shoes of Gilbo & Tobin, will herein be spoken of indifferently as the plaintiffs. Following the language of the bill of exceptions, the word ''defendant'' is herein used to designate the intestate, her husband, a party to the contract, her estate or her administrator as the sense may require. No confusion can result.

The defence on trial was by way of recoupment and the claim of nonacceptance. The contract was not fully performed by the plaintiffs within the time specified in the contract in certain respects as found and designated by the court. Sometime after the expiration of the period fixed for the completion of the contract the defendant caused a letter to be written to the plaintiffs pointing out certain failures to perform, and stating that the things left undone must be done by a day named or the defendant would proceed to do them and charge the plaintiffs therefor. No one appearing in answer to the letter, the defendant undertook the completion of the work, and in doing so paid out various sums. Thereafter the defendant commenced to operate the plant, and because of inefficient or improper construction the windmill fell and the defendant was obliged to expend a sum named to repair it. The court finds that the plant, from the commencement of its use until the defendant sold the premises on which it stood, never operated in a satisfactory and efficient manner; that it was at no time an efficient working windmill water plant; and that the main trouble with it lay in the size of the pipe from the windmill to the tank or in the intake pipe. The court finds that the pipe from the windmill to the tank was too small for the intake pipe. There is expressed an inability to find out how much it would have cost to correct this defect, which is treated as chargeable to the plaintiffs, but there is a finding that in addition to making the repairs referred to, the defendant

was obliged to purchase a gasoline engine costing fifty-one dollars in order to make this windmill plant constantly available. The contract price for the plant agreed upon was something over eight hundred dollars. The defendant had paid the plaintiffs four hundred dollars on account, and claimed to have been damaged through the default of the plaintiffs under the contract to an amount more than the balance unpaid under the terms of the contract. On its findings and failures to find the court rendered judgment for the defendant as stated at the outset.

The finding which the court makes the main cause of damages to the defendant is, as already appears, the finding as to the size of the pipes. The pipes were, however, of the precise size fixed by the contract, and the plaintiffs took an exception on this ground. The force of the claim under this exception the defendant attempts to meet by pointing out, what is true, that the contract contained this clause, "The efficiency and the operation of the plant is guaranteed," and by calling attention to the finding that the plant was not efficient. But the contractors were nevertheless bound to follow the specifications, and the guaranty of efficiency was no more than a guaranty of such efficiency as the work properly carried out in accordance with the specifications would afford. *Bush* v. *Jones,* 144 Fed. 942, 75 C. C. A. 582, 6 L. R. A. (N. S.) 774; *MacKnight & Co.* v. *Mayor & Co.,* 160 N. Y. 72, 54 N. E. 661, 6 R. C. L. 866. There are in the case no findings that reach back of the contract and make the plaintiffs responsible to the defendant on account of its terms and specifications. So in regard to this fundamental basis of the judgment very substantial error intervened.

The court found that the contract was not complied with because the floor of the tank house within its walls, the floor upon which the tank rested, was of an unstable character. The plaintiffs excepted to this finding and also to the finding already mentioned that the windmill accident was due to improper construction. These two exceptions the plaintiffs brief. But there was some evidence to support such finding, and as to the tank floor, windmill and some other matters, there were no specifications which prevented the full operation of the undertaking for the construction of an efficient plant.

Some exceptions to the exclusion of evidence were taken, but the evidence shut out against exception was properly excluded, either because of remoteness or because its admissibility

under the plaintiffs' specification-was not made to appear. Some questions that might naturally have arisen in the trial of the case are not presented by the bill of exceptions.

*Judgment reversed and cause remanded.*